DECISION GRANTING DEFENDANT'S MOTION TO DISMISS
This matter is before the court on Defendant's Motion to Dismiss (Motion), filed May 18, 2010. Defendant asserts in its Motion that "[p]laintiff has not alleged facts showing that plaintiff is `aggrieved' within the meaning of ORS 305.275 because plaintiff has not requested a reduction in real market value which will result in any reduction in tax payable by plaintiff for the tax year in question." (Def's Mot at 1 (citation omitted).)
The court held a hearing August 5, 2010, to address Defendant's Motion. Plaintiff was represented by Roy Okada, Trustee. Defendant was represented by Jeff Sanders, Scarlet Weigel, and Scott Carver. The court orally granted Defendant's motion during the August 5, 2010, proceeding after hearing Plaintiff's response.
The property at issue is identified as Account R312517. Plaintiff appealed from an unfavorable decision of the county board of property tax appeals (BOPTA) for the 2009-10 tax year. In its Complaint to the Magistrate Division of the Tax Court, Plaintiff requested a reduction in the real market value (RMV) of the subject property for the 2009-10 tax year from $383,280 to $366,780. The property's assessed value (AV) is $201,260. During the hearing, Plaintiff's representative stated that a lower value estimate for RMV of approximately $335,000 can be shown if he includes "short sales" in calculating the overall average value of similar *Page 2 
properties. Defendant's representatives responded by stating that Plaintiff would not achieve any tax savings if the RMV were reduced to the lower $335,000 figure. Defendant is correct.
ORS 305.275[1] requires that a party appealing to this court be "aggrieved." This court has previously ruled that a taxpayer is not aggrieved unless the requested reduction in value will produce a corresponding reduction in property taxes. Paris v. Dept. ofRev., 19 OTR 519 (2008), Sherman v. Dept. of Rev.,17 OTR 322 (2004), Kaady v. Dept. of Rev.,15 OTR 124, 125 (2000), Parks Westsac L.L.C. v. Dept. ofRev., 15 OTR 50, 52 (1999), Oden-Orr v. Multnomah CountyAssessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frank v.Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005).
Plaintiff in this case is not aggrieved because the requested reduction in RMV to $335,000 is still well above the $201,260 AV for the property and, if Plaintiff succeeded in obtaining a reduction in RMV to $335,000, the property taxes would not be reduced. The reason is because, under Oregon law, there is no direct linkage between RMV and AV. Gall v. Dept. of Rev., 17 OTR 268, 270-71 (2003). The lack of such a direct correlation between RMV and AV is the result of Measure 50, a constitutional amendment passed by referendum of the state's voters in 1997.
Prior to the passage of Measure 50, a property's RMV and AV were generally the same. Thus, a reduction in RMV produced a corresponding reduction in AV which, in turn, reduced property taxes.
Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls (back two years less ten *Page 3 
percent). See Or Const, Art XI, § 11(1)(a).[2] Thereafter, absent certain changes to the property not here applicable, MAV simply increases three percent each year. And, under Measure 50, AV is the lesser of the property's MAV or RMV. ORS 308.146(2). RMV was, and continues to be, the most probable selling price of the property, in an arm's-length transaction, on the applicable assessment date. ORS 308.232; ORS 308.205. Thus, whereas RMV rises or falls each year based on changes in the real estate market, once MAV is established, that number (MAV) increases at a steady rate of three percent each year, and AV is simply the lesser of those two numbers.
Because Plaintiff is not aggrieved in that a reduction in RMV to the value requested by Plaintiff will not reduce the property's AV or taxes, Defendant's Motion is well taken. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted as set forth above, and Plaintiffs appeal is dismissed.
Dated this ___ day of September 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon September 16, 2010. The Court filed and entered this documenton September 16, 2010.
[1] References to the Oregon Revised Statutes (ORS) are to 2007.
[2] Or Const, Art XI, § 11(1)(a) (providing that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent."). Measure 50 is codified in ORS 308.142 through ORS 308.205. The term "codified" means that the measure was added to Oregon's body of law, originally defined as a code, and now referred to as the Oregon Revised Statutes (ORS).