DECISION
Plaintiffs have appealed to this court seeking reimbursement of property taxes they paid on a structure that was removed in 2005. The property is carried on the assessment and tax rolls as assessor's Account 0780781.
Kari L. James (James) appeared for Plaintiffs. Defendant was represented by Bryce Krehbiel and Tara Smith, Residential Appraisers. The parties chose to receive a decision from this court without a trial in the matter.
 I. STATEMENT OF FACTS
Shortly after Plaintiffs purchased the subject property, which consisted of a lot and an old dilapidated home, Plaintiffs made an agreement with the local fire district to have the structure removed as part of the district's "Burn to Learn" program. (Ptfs' Compl at 2.) The structure was burned to the ground sometime in February 2005. (Id.)
The real market value (RMV) of the structure, for purposes of property assessment and taxation, as of January 1, 2005 (2005-06 tax year), was $1350. (Id. at 3.) The assessor continued to place a nominal value on the home for the next three tax years (2006-07 through 2008-09), with the value never exceeding $2130. (Id. at 4-6.) The assessor significantly increased the *Page 2 
RMV of the structure for the 2009-10 tax year to $70,010. (Id. at 7.) The assessor then reduced the value the following year (2010-11) to $52,860. (Id. at 8.)
Upon receiving the tax bill for the 2010-11 tax year, Plaintiff James contacted the assessor's office to inquire about the reason she was being assessed and taxed on a structure that had been removed some five years earlier. James testified that she made the call the same day she paid her taxes, November 12, 2010. According to her testimony, James was advised by someone at the assessor's office that the assessor would have someone visit the property, reassess the property, make appropriate adjustments to value, and send Plaintiffs a refund. James was purportedly advised that it could take four weeks to receive the refund.
James waited four weeks and, having received no refund or other correspondence from the assessor, called the office again and was told it could take up to 12 weeks to receive the refund. James waited another eight weeks (for a total of 12 weeks). According to her testimony, James still received no refund, so she again called the assessor's office. On that occasion James testified she was told that the assessor could not issue a refund and that she would have to take her case to the Magistrate Division of the Tax Court. Plaintiffs filed their appeal on April 18, 2011. (Id. at 1.)
Plaintiffs request the value of the structure be removed from the assessment and tax rolls for tax years 2005-06, 2006-07, 2007-08, 2008-09, 2009-10, and 2010-11, and that they be reimbursed for the excess taxes they paid for those years. When questioned by the court as to why Plaintiffs waited so long to pursue the matter, James testified that Plaintiffs own "quite a few properties," and she simply did not pay attention to her tax bill in 2005, which was the first bill she received for the subject property after Plaintiffs purchase. *Page 3 
It is unclear what finally prompted James to contact the assessor's office in 2010 about the taxes, but it likely had to do with ongoing economics. The court notes however, that the relatively significant increases in the RMV of the home for tax years 2009-10 and 2010-11 over the previous years had no impact on Plaintiffs' property taxes because the maximum assessed value (MAV) and assessed value (AV) only increased three percent over each of the prior years, and their taxes also increased only slightly over the prior years.
 II. ANALYSIS
This case presents the question of what years the court has jurisdiction to consider, and what relief, if any, the court can grant for any years over which it may have jurisdiction.
By law, a taxpayer who disagrees with the values in a property tax statement must appeal to the Board of Property Tax Appeals (BOPTA) under ORS 309.100.[1] ORS 305.275(3) makes an appeal to BOPTA a prerequisite to an appeal to this court, if the case is one that BOPTA can decide. Tax statements, and appeals therefrom, occur on an annual basis and each year stands on its own. Plaintiffs bypassed an appeal to BOPTA and came directly to the Tax Court in April 2011. Plaintiffs seek value reductions for tax years 2005-06 through 2010-11, inclusive.
ORS 305.288 allows a direct appeal to this court in certain limited situations. There are two separate avenues of relief under that statute, provided in subsections (1) and (3) respectively. Both paths begin by limiting Plaintiffs' relief to "the current tax year or for the two tax years immediately preceding the current tax year." ORS 305.288(1) and (3). The "current tax year" means "the tax year in which the need for the change or correction is brought to the attention of the [Department of Revenue]" or, as applicable to this court, the tax year in which the case is *Page 4 
filed. ORS 305.288(5)(a); ORS 306.115(5); Henderson v. WashingtonCounty Assessor, TC-MD No 0607062C, WL 549778 at *2 (2007). The tax year begins on July 1 and ends on June 30. ORS 308.007(1)(c). In this case, the current tax year is determined by the date Plaintiffs filed their appeal with this court, April 18, 2011, which was during the 2010-11 tax year. (Ptfs' Compl at 1.)
Plaintiffs request relief for tax years 2005-06 through 2010-11. (Id.) Under ORS 305.288(1) and (3), this court has jurisdiction to hear their requests for the current tax year, 2010-11, and the two immediately preceding tax years, 2009-10 and 2008-09. Plaintiffs' request for relief for more than two immediately preceding tax years, namely tax years 2005-06, 2006-07, and 2007-08, are dismissed for lack of jurisdiction under either ORS 305.288(1) or (3).
The balance of the court's analysis focuses on tax years 2008-09, 2009-10, and 2010-11, and the two bases for jurisdiction under ORS 305.288.
Under ORS 305.288(1), the court can order a reduction in the value of a separate assessment of property, provided the property is used primarily as a dwelling or was vacant (i.e., is residential and not commercial), the taxpayer alleges, and the court finds, that there is an error in value of at least 20 percent. The 20 percent error provision is satisfied for tax years 2009-10 and 2010-11. However, an additional requirement for this court to exercise jurisdiction is found in ORS 305.275(1). That statute requires that a taxpayer be "aggrieved," a requirement this court has repeatedly interpreted to mean that a reduction in the RMV must affect the MAV or AV, or property taxes. Paris v. Dept. of Rev., TC19 OTR 519, 521 (2008), Sherman v. Dept. of Rev.,17 OTR 322 (2004), Kaady v. Dept. of Rev.,15 OTR 124, 125 (2000), Parks Westsac L.L.C. v. Dept. ofRev., 15 OTR 50, 52 (1999). *Page 5 
In this case there would be no tax savings if the court were to completely remove the RMV for the nonexistent structure because the total RMV would still far exceed the property's MAV and AV in any tax year. At the court's request Defendant submitted a document regarding the question of tax savings in this case. In a letter dated July 6, 2011, Defendant indicated, among other things, that Plaintiffs would not achieve the tax savings in either 2009 or 2010 because "the land value alone exceeds the real market value necessary to create aggrievement." The subject property had a considerably higher improvement RMV for those years than it did in 2008, when the improvement RMV was only $1,440 compared to a land RMV of $183,839. Plaintiffs are obviously not aggrieved that year because the MAV and AV are only $94,350. (Ptfs' Compl at 6.) Accordingly, Plaintiffs are not aggrieved for any of the three years possibly within the court's jurisdiction under ORS 305.288.
Because Plaintiffs are not aggrieved, there is no need for the court to consider Plaintiffs' appeal under the second basis for jurisdiction found in the provisions of subsection (3) of ORS 305.288. It matters not why Plaintiffs were late in filing their appeal if the result of an appeal would be no reduction in property taxes.
 III. CONCLUSION
This court lacks jurisdiction under ORS 305.275 and ORS 305.288 to consider Plaintiffs' request to remove the value of the structure for any of the tax years at issue in this case. Now, therefore, *Page 6 
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal for tax years 2005-06 through 2010-11 is dismissed and the roll values are upheld.
Dated this ___ day of July 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon July 19, 2011. The Court filed and entered this documenton July 19, 2011.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to the 2009 edition because there are no material differences in the relevant statutes between that edition and the 2003, 2005, and 2007 editions. *Page 1