IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DAVID A. HOLLAND )
and BETTY A. HOLLAND, )
 )
      Plaintiffs, )  TC-MD 110458C
 )
  v. )
 )
MULTNOMAH COUNTY ASSESSOR, )
 )
      Defendant. )  **DECISION OF DISMISSAL**

This matter is before the Defendant's motion to dismiss tax years 2008-09 and 2009-10. On April 18, 2011, Plaintiffs filed a Complaint regarding an "acknowledged" error by Defendant (for 2010-11 tax year), and then requested relief from "double taxation & error" for Account R121185 for the "2004 - 2005 - 2006 - 2007 - 2008 - 2009 - 20[]10" tax years. On June 9, 2011, Defendant filed its "Motion to Dismiss Claims Relating to the 2004 - 2009 Tax Year(s), and Standard Answer Relating to the 2010 Tax Year(s)." Defendant argued that Plaintiffs failed to allege facts showing that they appealed to the Multnomah Board of Property Tax Appeals (BOPTA) in any of the years from 2004 through 2009 before appealing to the tax court, and that they have not shown that they are entitled to relief under either subsections (1) or (3) of ORS 305.288 for tax years 2008-09 and 2009-10. (Def's Mot at 1.)

The Defendant's Motion was discussed during a case management conference on September 19, 2011. During that case management conference, Plaintiffs verbally amended their Complaint to allege the real market value of land on Account R121185 in the amount of $208,500 for each tax year appealed. Defendant stated in a letter, filed September 30, 2011, that a reduction in the land real market value to $208,500 would not reduce Plaintiffs' property taxes

/ / /

for the 2008-09 and 2009-10 tax years and requested dismissal of those tax years. (Def's Ltr at 1, Sept 28, 2011.)

In its Order, filed October 20, 2011, the court granted Defendant's motion to dismiss for tax years 2004-05, 2005-06, 2006-07 and 2007-08, concluding that the court lacked jurisdiction under ORS 305.288 because those years were more than three years prior to the date the appeal was filed.[1] The Order further dismissed the 2010-11 tax year because Plaintiffs were satisfied with the value reduction ordered by the BOPTA, and were therefore not aggrieved. Finally, the court's Order required Plaintiffs to submit to the court, and a copy to Defendant, a written response to Defendant's motion to dismiss tax years 2008-09 and 2009-10 within 14 days of the date of the Order. The Order stated that Plaintiffs' failure to respond within the 14 day deadline would result in dismissal of those tax years. The court's Order is incorporated herein by reference.

Plaintiffs' deadline has passed and the court has not received any written response from Plaintiffs. Defendant asserts that Plaintiffs' requested land real market value (RMV) reduction for those tax years would not reduce Plaintiffs' property taxes for either tax or 2008-09 or 2009-10. Defendant has provided calculations to support that assertion. Plaintiffs have not responded.

ORS 305.275(1) and (3) govern appeals to the Magistrate Division of the Oregon Tax Court from orders of the BOPTA. ORS 305.275(1)(a) requires a taxpayer to be "aggrieved," which this court has interpreted to mean that the requested reduction in value, if granted, would reduce the subject property's taxes. *Paris v. Dept. of Rev. (Paris)*, 19 OTR 519, 521-522 (2008). In *Paris*, the court held that it lacked jurisdiction because the taxpayers were not aggrieved as

_____

[1] All references to the Oregon Revised Statutes (ORS) are to the 2009 edition.

required by ORS 305.275. *Id*. at 522. In *Paris*, the court concluded taxpayers were not aggrieved because the requested reduction in RMV still exceeded the property's maximum assessed value (MAV) and assessed value, and there was "[n]o showing * * * that the requested reduction in RMV would reduce taxpayers' property tax liability." *Id*.; *see also Sherman v. Dept. of Rev.*, 17 OTR 322, 323 (2004) (ruling that where a requested reduction in RMV will not affect property taxes taxpayers are not aggrieved); *Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000) (ruling that the requirement in ORS 305.275 that for a taxpayer to be "aggrieved[,] * * * the legislature intended that the taxpayer have an immediate claim of wrong[]"); *Parks Westsac L.L.C. v. Dept. of Rev.,* 15 OTR 50, 52 (1999) (ruling that a taxpayer is not aggrieved so long as the property's MAV is lower than the RMV requested). Because the RMV Plaintiffs have requested for tax years 2008-09 and 2009-10 will not reduce the property taxes, Plaintiffs are not aggrieved and their appeal for those tax years must be dismissed. Moreover, Plaintiffs' failure to respond to the court's October 20, 2011, Order, is sufficient to warrant dismissal of the 2008-09 and 2009-10 tax years. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss tax years 2004-05, 2005-06, 2006-07 and 2007-08 is granted for the reasons set forth in the court's October 20, 2011, Order.

IT IS THE FURTHER DECIDED that Defendant's motion to dismiss tax years 2008-09 and 2009-10 is granted because Plaintiffs' requested reduction in RMV would not reduce their property taxes and Plaintiffs are therefore not aggrieved.

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that tax year 2010-11 is dismissed because Plaintiffs are satisfied with the value reduction ordered by the BOPTA and are therefore not aggrieved by the Board's action.

Dated this ＿＿ day of December 2011.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on December 14, 2011. The Court filed and entered this document on December 14, 2011.*