I. INTRODUCTION
This matter comes before the court on the Motion to Dismiss of Defendant Department of Revenue (the department) and the Response of Plaintiffs Jean Claude Paris and Maarja K. Paris (taxpayers) to the motion. The department asserts taxpayers lack standing before this court because taxpayers are not aggrieved.
 II. FACTS
Taxpayers appeal the real market value (RMV) for the 2007-08 tax year of residential real property identified in the county's records as Account R223970. Taxpayers request that the RMV of the property be reduced to $369,900. Taxpayers requested the reduction to $369,900 based on the sale and subsequent reduction of a nearby property's RMV to $369,900. The RMV as found by the Board of Property Tax Appeals (BOPTA) for the 2007-08 tax year for taxpayer's property is $402,530. The Maximum Assessed Value (MAV) and Assessed Value (AV) of taxpayers' property for the 2007-08 year is $209,120. Taxpayers first filed an appeal of the RMV of their property to the board that was unsuccessful. Taxpayers then filed an appeal in the Magistrate Division of this court. The department filed a Motion to Dismiss, which the Magistrate Division granted. The Magistrate Division granted the department's Motion to Dismiss on the basis that taxpayers were not aggrieved. Paris v.Dept. of Rev., TC-MD 080407C, WL 2963091 (July 17, 2008). Taxpayers were considered not aggrieved because their requested reduction of the RMV of their property would not reduce their property taxes. Id. at *2-3. Taxpayers now appeal the Magistrate Division's decision. *Page 521 
 III. ISSUES
(1) Do taxpayers have standing to appeal to the Oregon Tax Court?
(2) Does an argument of uniformity between taxpayers' RMV and taxpayers' neighbors' RMV create standing before the court when the requested reduction of RMV by taxpayers will still be higher than the MAV of their property in question?
 IV. ANALYSIS
The department asserts that under ORS 305.275, [1] taxpayers do not have standing to appeal to the Oregon Tax Court. The department cites Kaady v. Dept. of Rev., 15 OTR 124
(2000), for the position that if a taxpayer seeks relief that will not change a taxpayer's tax assessment, the taxpayer cannot be "aggrieved" under ORS 305.275 and has no standing with the Oregon Tax Court.
1,2. Under ORS 305.275, for the court to have jurisdiction over a taxpayer's claim, a taxpayer must be "aggrieved by and affected by an act, omission or determination" of the department, BOPTA, the county assessor, or a tax collector. InKaady, a taxpayer sought a reduction of the RMV of the taxpayer's property when the MAV of the property was less than the reduced RMV sought. 15 OTR at 125. Because the lesser of the MAV or the RMV determines the AV and thus the tax liability on a property, a reduction of the RMV that still left the MAV as the lesser value did not cause the taxpayer to be "aggrieved." Id.
Taxpayers' case is analogous to Kaady in the respect that taxpayers also seek a reduction of their property's RMV. Taxpayers seek to reduce their RMV from $402,530 to $369,900, when the MAV of their property is $209,120. The MAV is less than the requested reduction in the RMV, and thus the MAV would still be the AV, and thus the tax liability of taxpayers' property. No showing has been made that the requested reduction in RMV would reduce taxpayers' property tax liability. Indeed, taxpayers concede that they are not aggrieved by a tax assessment. Both by case law and concession, taxpayers are not aggrieved under ORS 305.275 and *Page 522 
consequently do not have standing to appeal to the Oregon Tax Court.
While taxpayers concede they are not aggrieved, taxpayers advance another argument which the court will address briefly below.
Taxpayers' only request to the Oregon Tax Court is a reduction in the RMV of their property to the same amount as their neighbor's property so that they are treated "equally and fairly." Taxpayers cite multiple sections of chapters 306 and308 of the Oregon Revised Statutes to argue that such uniformity is required.
3. In Sherman v. Dept. of Rev., 17 OTR 322 (2004), the taxpayers also argued that the RMV of their property should be reduced, although they also conceded that the reduction would not reduce their tax liability that was substantially below their requested reduction of the RMV of their property.Id. at 322-23. The taxpayers in Sherman
asserted the assessor was improperly motivated and denied them uniform treatment. Id. at 323. This court found that such a claim regarding uniformity was an "appendage[] to the underlying claim as to valuation and suffer[ed] its fate."Id.
The same analysis in Sherman governs the present case. While taxpayers may request a reduction in RMV to something closer to their neighbors, such a request still does not present a grievance before this court.[2] Taxpayers' uniformity argument is an "appendage" that does not create standing.
4-6. Further, taxpayers' uniformity argument, if it were based on the AV of their property, would also fail.[3] Measure 50 neutralized uniformity requirements with respect to AV.See Or Const., Art XI, § 11(18). Because Article XI, section 11, subsection 18 exempts AV from the uniformity requirements of the Oregon Constitution, even a challenge to AV based on uniformity would not rise to a complaint. Standing before *Page 523 
this court must be based on a real reduction in A V, which taxpayers concede they do not request.
 V. CONCLUSION
The court does not have jurisdiction to hear taxpayers' appeal because taxpayers are not aggrieved under ORS 305.275. Accordingly, their appeal must be dismissed. Now, therefore,
IT IS ORDERED that Defendant Department of Revenue's Motion to Dismiss is granted.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[2] The legislature, when enacting ORS 305.275
"did not intend that taxpayers could require the expenditure of public resources to litigate issues that might never arise."Kaady, 15 OTR at 125.
[3] Taxpayers do not make this argument here. Taxpayers, by their own exhibit, admit that their neighbors have the same AV as taxpayers. *Page 524