DECISION
This appeal involves the value, for tax years 2005-06 through 2009-10, of certain real property identified in Defendant's records as Account 0481588. The basis for the appeal is the removal of the building from the subject property.
Plaintiffs Complaint was filed December 21, 2009. Defendant failed to file a timely appearance and Plaintiff filed a Motion for Default Judgment (motion). By Order issued February 19, 2010, the court denied Plaintiffs motion because there was insufficient information in the Complaint to rule in Plaintiffs favor. Subsequent to the issuance of that Order, the court held a telephonic hearing to determine whether Plaintiff was entitled to the requested relief.
 I. STATEMENT OF FACTS
Plaintiff bought the subject property on or about 2003. At the time of purchase, there was an approximately 600 square foot structure on the property. Plaintiff describes that structure as an old house or cottage. Plaintiff demolished and removed the building in 2004 or 2005. (Ptf's Compl at 4.) Plaintiff apparently failed to notify Defendant of the removal of the building and, as a result, the value of the property continued to include the nonexistent home.
Plaintiff moved from his residence at the time of his purchase of the subject property to another address, but did not notify the assessor's office of his change of address. As a result, Plaintiff did not receive property tax statements for the subject property for several years. *Page 2 
Plaintiff owns other property and did not notice the absence of the tax statement for the subject property. In 2009, Plaintiff received a warrant for three years of unpaid taxes for the subject property. That notice prompted the instant appeal to this court. Plaintiff seeks a reduction in the value and taxes on his property to reflect the removal of the old home.
As previously stated by this court in its February 19, 2010, Order:
 "In his Complaint, Plaintiff states that the improvement was `demod with a permit issued by the city of Eugene in May of 2005.' (Ptf's Compl at 1.) Plaintiff submitted a City of Eugene Certificate of Compliance indicating that work authorized under a previously granted demolition permit was completed on February 3, 2005. (Id. at 4.) According to the city certificate, the work involved `demolish building and cap off plumbing' for property located at 1870 W 10th Ave. (Id.) In his motion, Plaintiff requests `reimbursement of the taxes with penalties and interest on that portion for the improved structure that did not exist. These have now been paid with the taxes on the land * * *.'"
(Order, Feb 19, 2010 at 3.)
 II. ANALYSIS
Plaintiff has requested value adjustments back to the 2005-06 tax year, with appropriate reductions in property taxes. The court has determined that Plaintiff is entitled to partial relief in the form of value reductions for tax years 2008-09 and 2009-10, as set forth below.
The court has no jurisdiction over the earlier tax years. The court's broadest authority, in terms of years for which it can reduce value, is ORS 305.288.[1] However, as indicated in the court's previous Order, relief is not available under that statute because there is, generally speaking, no link between real market value (RMV) and maximum assessed value (MAV), and a straightforward adjustment to RMV by completely removing the "improvement" value would have no impact on MAV or assessed value (AV), and it is not apparent that Plaintiff would be aggrieved because the land RMV would exceed the total MAV and AV. See, e.g., Gall v. Dept. ofRev., 17 OTR 268, 270-71 (2003) (noting that "[u]nder Measure 50 * * * there is no *Page 3 
linkage between the RMV and MAV"); ORS 305.275(1)(a) (requiring that a party appealing to the magistrate division of the Tax Court from an act of the assessor must be "aggrieved");Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000) (ruling that there must be an immediate claim of wrong for a taxpayer to be aggrieved); Paris v. Dept. of Rev., 19 OTR 519, WL 4801342 (Nov 5, 2008) (ruling that the a party is not aggrieved in a property value appeal unless the resulting reduction in value will reduce property taxes).[2]
The court can, however, adjust Plaintiff's values for tax years 2008-09 and 2009-10 to reflect the demolishment of the improvement. ORS 308.146(8)(a), enacted by the legislature in 2007, provides:
 "Notwithstanding subsection (1) of this section [providing generally for a three percent cap on annual increases to MAV], when a building is demolished or removed from property, for the year in which the demolishment or removal of the building is reflected by a reduction in real market value, the maximum assessed value of the property may be reduced to reflect the demolishment or removal of the building." (Emphasis added.)
The effective date of the amendment to ORS 308.146 set forth above was January 1, 2008.[3]
According to the uncontroverted evidence, Plaintiff removed the building for the subject property in 2005 or earlier. The improvement RMV on the assessment and tax rolls for the 2008-09 tax year (which had a January 1, 2008, assessment date) was $60,530. The improvement RMV for the 2009-10 tax year was $52,430.
In accordance with ORS 308.146(8)(a), and the court's determination herein, Defendant shall reduce the RMV on the rolls for tax years 2008-09 and 2009-10, by removing the *Page 4 
improvement RMV for those years, and make appropriate adjustments to the MAV (and AV) as provided in the statute and outlined in the applicable administrative rule, OAR 150-308.146(8). Unlike other similar provisions in ORS 308.146, such as subsection (6)(a), that provides for an application by the property owner to the assessor to have the values adjusted where property is destroyed or damaged, neither subsection (8) of the statute nor any provision in the administrative rule contains such an application process. Moreover, the wording of the statute does not appear to limit value reductions to administrative acts of the assessor.
 III. CONCLUSION
The court concludes that Plaintiff is entitled to removal of the improvement RMV for the subject property for tax years 2008-09 and 2009-10, pursuant to ORS 308.146(8)(a), and to appropriate corresponding reductions to MAV and AV, as set forth above. Plaintiff is not entitled to relief for the earlier tax years under appeal (2005-06 through 2007-08, inclusive) because the court does not have jurisdiction over those tax years. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is granted in part, with adjustments to RMV, MAV, and AV for tax years 2008-09 and 2009-10 as set forth above.
Dated this ___ day of March 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged. *Page 5 
 This Decision was signed by Magistrate Dan Robinsonon March 31, 2010. The court filed and entered this Decisionon March 31, 2010.
[1] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2007.
[2] Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls. See Or Const, Art XI, § 11(1)(a);Ellis v. Lorati, 14 OTR 525, 532-33 (1999) (Ellis) (noting the history of the adoption of Measure 50). Measure 50 is codified in ORS 308.142 to ORS 308.166. After 1997, MAV generally increases three percent annually. Or Const, Art XI, § 11(1)(b); seealso ORS 308.146(1), (2). The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, ArtXI, § 11(1)(f); see also ORS 308.146(2). AV is the lesser of the property's RMV or MAV. ORS 308.146(2). Thus, under measure 50, once the property's MAV is established, there is no linkage between RMV and MAV.
[3] 2007 Or Laws, ch. 516, § 1. *Page 1