DECISION OF DISMISSAL
This matter is before the court on its own motion to dismiss Plaintiff's appeal for lack of aggrievement. ORS 305.275 requires the party seeking a reduction in value at the Tax Court, magistrate division, be "aggrieved." Plaintiff is not aggrieved.
The tax year at issue is 2009-10. The subject property is identified as Account R168620 in the assessor's records. The real market value (RMV) on the assessment and tax rolls for the year at issue is $748,590. The account also has $43,730 in "exception" RMV. Finally, the assessed value (AV) on the rolls is $401,420. Plaintiff did not originally plead a value in his Complaint, but, when pressed by the court, Plaintiff indicated that he had a "LandSafe" value estimate of $669,000 as of April 3, 2010. Plaintiff further indicated that he had no disagreement with the exception RMV on the rolls. Defendant indicated during the August 31, 2010, proceeding in this case that Plaintiff's comparable sales data supporting his value estimate was more relevant for the 2010-11 tax year. That is so because the assessment date for the 2009-10 tax year was January 1, 2009, roughly fifteen (15) months prior to the date of Plaintiff's computer generated value estimate.
More to the point, this court has previously (and repeatedly) ruled that a taxpayer is not aggrieved where a reduction in the RMV will not affect the MAV or AV, or property taxes. *Page 2 
 Paris v. Dept. of Rev., TC 19 OTR 519, 521 (2008),Sherman v. Dept. of Rev., 17 OTR 322 (2004),Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000), ParksWestsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999). That is the position Plaintiff is in; if the court were to reduce Plaintiff's RMV to $669,000, and given Plaintiff's concession that he agreed with the exception RMV, the RMV reduction would not affect MAV, AV, or property taxes. As a result, Plaintiff is not aggrieved and, therefore, the appeal must be dismissed because the court does not have jurisdiction. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this day of October 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon October 12, 2010. The Court filed and entered this documenton October 12, 2010.