IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DELFORD M. SMITH REVOCABLE )
TRUST, )
 )
   Plaintiff, ) TC-MD 110404C
 )
  v. )
 )
YAMHILL COUNTY ASSESSOR, )
 )
   Defendant. ) **DECISION OF DISMISSAL**

Plaintiff appealed the real market value of property identified as Account 106517 for the 2008-09, 2009-10, and 2010-11 tax years. On February 29, 2012, the parties submitted a signed Settlement Agreement which stated "[t]he real market value of the property is $10,000,000" for each tax year at issue, and that "the taxpayer is not aggrieved."

ORS 305.275[1] requires that a taxpayer be "aggrieved" in order to appeal to this court. ORS 305.275(1)(a) requires a taxpayer to be "aggrieved," which this court has interpreted to mean that the requested reduction in value, if granted, would reduce the property taxes. *Paris v. Dept. of Rev.*, 19 OTR 519, 521-522 (2008). In *Paris* the court held that it lacked jurisdiction because taxpayers were not aggrieved as required by ORS 305.275 due to the fact that the requested reduction in RMV still exceeded the property's MAV and AV, and there was "[n]o showing * * * that the requested reduction in RMV would reduce taxpayers' property tax liability." *Id*. at 522. The court has ruled similarly in *Parks Westsac L.L.C. v. Dept. of Rev.*, 15 OTR 50, 52 (1999) ("So long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved.").

---

[1] All references to the Oregon Revised Statutes are to 2009. The 2007 edition is applicable to the 2008-09 and 2009-10 tax years. The 2009 edition is applicable to the 2010-11 tax year. ORS 305.275 remained unchanged between these editions.

In this case, the property's maximum assessed value was $6,916,795 for the 2008-09 tax year; $6,415,797 for the 2009-10 tax year; and $6,608,316 for the 2010-11 tax year. (Ptf's Ltr at 2, 3, May 7, 2012; Ptf's Compl at 2.) Although the parties stipulated to a reduction of the real market value to $10,000,000 for all three years at issue, they acknowledge in their stipulated agreement that the taxpayer is not aggrieved, because the stipulated real market value is still greater than the maximum assessed value in each of those years.

Because the taxpayer is not aggrieved, it does not meet the requirements of ORS 305.275. The court must dismiss the matter because Plaintiff no longer has standing. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ____ day of March 2012.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on March 13, 2012. The Court filed and entered this document on March 13, 2012.*