IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DAVID HERTIG, )
)
Plaintiff, ) TC-MD 120346C
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed

May 29, 2012, requesting dismissal of Plaintiff's Complaint because Plaintiff failed to name the

proper Defendant, or, alternatively, because Plaintiff requests "a correction to maximum assessed

value (MAV) for a prior tax year that is beyond the court's reach * * *." (Def's Mot at 1.) The

court held a case management conference (CMC) on August 6, 2012, during which the parties

discussed Defendant's Motion. David Hertig appeared on his own behalf and Douglas M. Adair

appeared on behalf of Defendant. The record closed at the conclusion of the CMC. This matter

is now ready for decision.

I.  STATEMENT OF FACTS

Plaintiff filed his Complaint on April 18, 2012, requesting an adjustment of the MAV "to

[an] accurate level" for property identified as Account R138781 (subject property) for tax years

"2008, 2009, 2010, 2011." (Ptf's Compl at 1.) Plaintiff states that Defendant's assessment is

incorrect because the "[MAV] has not been adjusted to reflect erroneous tax assessment (2008

assessment)." (*Id*.) Specifically, Plaintiff notes that a fire occurred in 2008, following which,

repairs were made to restore the property to its pre-damaged state. (*Id*. at 2.) According to

Plaintiff, the 2008 repairs did not result in additional space being added to the subject property;

Defendant's subsequent assessment of the subject property, however, "overstated [the residence] by 1284 sq ft, and one full bathroom that never existed on this property." (*Id.*)  Plaintiff notes that "[i]n 2008, a tax assessment was performed on [the subject] property, as there was fire damage being repaired[] * * * [and][t]he "taxable value [increased] from $86,650 to $141,230[]" from the prior year. (*Id.*)  Plaintiff then asserts that "[s]ince 2008, the property has been taxed on an assessment that was inaccurate." (*Id.*)  Plaintiff, therefore, asks the court to "adjust the taxable assessed value, or maximum assessed value of this property * * * [and return] the property [] to the 2008 value[.]" (*Id.*)  Plaintiff requests that "the annual 3% increase in value * * * [] be applied for the last 3 years[,]" presumably after the adjustments he requests are made to the 2008 MAV and AV. (*Id.*)

Plaintiff provides property tax statements for tax years 2008-09, 2009-10, and 2010-11 showing assessed values (AV) of $86,650, $141,230, and $145,460, respectively. (Ptf's add'l docs at 1-3, May 4, 2012.)  Plaintiff also provides a Multnomah Board of Property Tax Appeals (BOPTA) Order, dated March 19, 2012, demonstrating a sustained roll AV of $149,820 for the 2011-12 tax year.[1]  (Ptf's Compl at 3.)  For each of the tax years at issue, the MAV coincides with the AV. (Ptf's Compl at 3; Ptf's add'l docs at 1-3, May 4, 2012.)

Defendant filed its Motion on May 29, 2012, requesting dismissal of Plaintiff's appeal for failure to name the proper defendant and because Plaintiff requests MAV adjustments "for a prior tax year that is beyond the court's reach * * *." (Def's Mot at 1.)  In its Motion, Defendant states that "[P]laintiff has not alleged (nor is it the case) that the department was responsible for valuation or assessment of the subject property * * * [P]laintiff's Complaint and the attached documents demonstrate that Multnomah County was responsible for the valuation and

---

[1] BOPTA did reduce the subject property's "structures" RMV for the 2011-12 tax year.   (Ptfs' Compl at 3.)

assessment of the subject property." (Def's Mot at 1.) Defendant cites ORS 305.560(1)(c)(A), noting "[i]f the county is the party responsible for the appraisal, the county assessor shall be named as defendant." (*Id.*)

As an alternative ground for dismissal, Defendant states "[P]laintiff [] seeks correction of the 2008 adjustments to MAV[,]" and notes that, pursuant to ORS 305.153, exception MAV is typically calculated based upon the RMV for the exception property at issue; thus, a correction to the erroneous MAV would first necessitate a "correction of the related RMV or correction of the classification of work performed that resulted in a potential exception event." (*Id.* at 2.) Defendant cautions that changes to RMV can be made no more than two tax years prior to the current tax year, therefore, "the 2008 tax year has long passed, and an appeal filed * * * during the 2011-12 tax year [] cannot reach back to the 2008 tax year under ORS 305.288." (*Id.*)

On August 6, 2012, the parties participated in a CMC, during which the parties indicated they were ready to formally address the concerns raised in Defendant's Motion. At the CMC, Plaintiff revealed he purchased the subject property in October of 2011; according to Plaintiff, he did not hold an ownership interest in the subject property before October 2011, or pay property taxes for the subject property for any year prior to the 2011-12 tax year. Moreover, Plaintiff did not provide evidence showing, nor did he assert, that the prior owner of the subject property filed an appeal to BOPTA or the Tax Court during the years at issue. In response, Defendant asserted at the CMC that Plaintiff was not statutorily "aggrieved" and, therefore, lacked standing to bring an appeal for any tax year prior to 2011-12. At the conclusion of the proceeding, the court closed the record and indicated to the parties that a decision would be forthcoming.

/ / /

/ / /

Defendant asserts two arguments in support of its Motion: first, that Plaintiff failed to name the proper defendant as required by ORS 305.560(1)(c)(A);[2] and second, that Plaintiff lacks standing to properly file the present appeal because he attempts to challenge a correction to the roll value for tax year 2008-09, which is outside the statutory review period permitted to the court under ORS 305.288 or any other statute.  Defendant asserts that either of these two theories would be sufficient to warrant dismissal of Plaintiff's appeal.  A third issue was raised during the CMC when Plaintiff disclosed that he purchased the subject property in October 2011, and did not hold ownership of, or an obligation to pay taxes for, the subject property as of the assessment dates for tax years 2008-09, 2009-10, and 2010-11.

A.      *Proper defendant under ORS 305.560(1)(c)(A)*

The typical method of property tax appeal is brought pursuant to ORS 305.275, which permits the taxpayer to appeal when he is "aggrieved by * * * an act, omission, order or determination of * * * [the] county assessor or other county official * * *."  ORS 305.275(1)(a). To do so, the taxpayer must file an appeal from a BOPTA Order "within 30 days after the * * * date of mailing of the order[.]"  ORS 305.280(4).  Here, Plaintiff appeals from a BOPTA Order, mailed on March 23, 2012, sustaining the MAV of $149,820 for tax year 2011-12.  (Ptf's Compl at 3.)  Plaintiff timely appealed that BOPTA Order when he submitted his Complaint to the court with his filing fee on April 13, 2012, within the 30 day period required for an appeal brought under ORS 305.275.  (*Id*. at 1.)  However, in his Complaint, Plaintiff names the Department as the sole defendant; of importance, Plaintiff does not name the Multnomah County Assessor (Multnomah County) as a co-defendant.  (*Id*.)

---

[2] All references to the Oregon Revised Statutes (ORS) are to the 2009 edition.

Under ORS 305.560(1)(c)(A), appeals relating to the "value of property for ad valorem property tax purposes [where] the county has made the appraisal, the complaint shall be entitled * * * [with] the county assessor as defendant." ORS 305.560(1)(c)(A). A discussion was held at the August 6, 2012, CMC, wherein Plaintiff acknowledged he failed to name the proper defendant for this appeal. To cure this, Tax Court Rule (TCR) 23 sets out the method for amending a Complaint, stating that once a responsive pleading has been filed, "a party may amend the pleading only by leave of the court or by written consent of the adverse party[.]" TCR 23 A. The court may give leave to amend a Complaint to add an additional defendant even when the period of time to file an appeal has expired, in effect extending the statutorily set statute of limitations for the action, but only under specific circumstances:

> "An amendment changing the party against whom a claim is asserted relates back if * * * *within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action * * * and (2) knew or should have known* that, but for a mistake concerning the identity of the proper party, *the action would have been brought against the party brought in by amendment*."

TCR 23 C (emphasis added).[3] Here, Plaintiff does not argue that Multnomah County had either actual or constructive notice of this action by April 22, 2012, the last day provided for bringing the original appeal and a mere four days after Plaintiff filed his appeal. As a result, Plaintiff cannot enjoy a "relation back" to the original filing, under TCR 23 C, to bring in Multnomah County as a defendant.

As Defendant notes, Multnomah County is the proper defendant in this appeal pursuant to ORS 305.560(1)(c)(A); the Department of Revenue does not actively assess or value the subject

/ / /

---

[3] The Preface to the Magistrate Division Rules incorporates the use of TCR when "circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant." This is one such occasion and, as a result, TCR 23 C may guide the issue.

property, and is not, therefore, the proper defendant. Plaintiff cannot utilize TCR 23 to cure the defect. Without a properly named defendant, this appeal must be dismissed.

B.      *Plaintiff's ownership of the subject property*

As ORS 305.275(1)(a) states, to bring an appeal to the Tax Court, a plaintiff must be "aggrieved" by a defendant's action. *See Paris v. Dept. of Rev.*, 19 OTR 519, 521 (2008). "[I]f a taxpayer is not 'aggrieved' within the meaning of ORS 305.275, then that taxpayer does not have standing to appeal." *Greenleaf v. Lane County Assessor*, TC-MD 110485N at 2 (Jan 30, 2012). To be aggrieved, the defendant's erroneous action "must affect the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates the person to pay taxes imposed on the property." ORS 305.275(1)(b); *see also Zervis v. Dept. of Rev.* (*Zervis*), TC 4836 at 4 (2010).

At the August 6, 2012, CMC, Plaintiff disclosed that he purchased the subject property in October 2011. Plaintiff subsequently filed this appeal from a 2011-2012 BOPTA Order, requesting a reduction in MAV for the subject property based upon an error that he states occurred during a 2008 assessment.[4] (Ptf's Compl at 1-2.) Plaintiff does not claim to have held an ownership interest in the subject property, nor does he assert he was he obligated to the pay the taxes for the property, prior to his 2011 purchase; however, the parties agree that any assessment error that led to the MAV at issue occurred prior to 2011. (Ptf's Compl at 2; Def's Mot at 2.) Moreover, Plaintiff does not assert that the prior owner of the subject property appealed the assessment error within the period of time permitted under ORS 305.275.

---

[4] Typically, MAV increases steadily each year, but is capped at a rate of a three percent increase annually. ORS 308.146. One exception to this rule arises when improvements are added, which generates an "exception value"; in this scenario, the new MAV is determined by multiplying the improvement RMV (less the RMV of "retirements from the property tax account[,]") by the "ratio, not greater than 1.00, of the average [MAV] over the average [RMV] for the assessment year." ORS 308.153(1)-(2)(a); *see* ORS 308.146(3). This number is then added to 103 percent of the subject property's pre-improvement MAV to create the new MAV. ORS 308.153(1)

Unfortunately for Plaintiff, "the facts and actions taken in the first year a property goes on the rolls can have continuing effect[,] * * * unless a timely appeal of any allegedly incorrect action is taken, the initial actions of the assessor are immune from attack by taxpayers * * *." *Roberge v. Dept. of Rev.*, TC 5040 at 2 (2012).

Because Plaintiff is not aggrieved, this court cannot have jurisdiction over this appeal. *Zervis*, TC 4836 at 4. As a result, the appeal must be dismissed.

C.      *Jurisdiction over the years at issue*

The Oregon system of taxation utilizes "limited time periods within which both taxpayers and governments may challenge the annually determined roll values for property and other values that are a function of such roll values." *Georgia-Pacific Consumer Prods LP v. Clatsop County Assessor*, TC 4894 at 11 (2010). Despite this, there are select statutes that "provide limited retrospective relief to taxpayers * * * who have not availed themselves of challenges in the year of assessment * * *." *Id*. ORS 305.288 is one such statute, offering a second method of appeal, pursuant to which the court may authorize a change or correction to the assessment or tax roll for "the current tax year or for either of the two tax years immediately preceding the current tax year[.]" ORS 305.288(1), (3). ORS 306.115(5) defines the "current tax year" as "the tax year in which the need for the change or correction is brought to the attention of the [court] * * *." ORS 306.115(5)

In its Motion, Defendant argues that Plaintiff's request to correct the alleged error falls outside the ambit of ORS 305.288. (Def's Mot at 2.) Defendant notes that "an alleged error in MAV generally requires correction of the related RMV * * * [and] [g]enerally valuation claims must be first made to BOPTA in the current tax year or, at the latest, for the current or two prior tax years pursuant to ORS 305.288." (Def's Mot at 2.) Further, Defendant asserts the present

appeal, filed for the 2011-12 tax year, "cannot reach back to the 2008 tax year under ORS 305.288." (*Id.*)

Although Plaintiff notes that "[i]n 2008, a tax assessment was performed on [the subject] property," a review of the tax statements provided by Plaintiff reveals that the County's adjustment to the subject property's AV actually occurred in tax year 2009-10. (Ptf's Compl at 2; Ptf's add'l docs at 2, May 4, 2012.) As such, ORS 305.288 does not necessarily foreclose on the possibility of Plaintiff's requested relief. However, for reasons outlined above, Plaintiff's appeal fails on other grounds and a continued review of the possibility of potential success under ORS 305.288 becomes an unnecessary exercise.[5] Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ___ day of August 2012.

---
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your Complaint must be submitted within __60__ days after the date of the Decision or this Decision becomes final and cannot be changed.*
*This document was signed by Magistrate Dan Robinson on August 30, 2012.*
*The Court filed and entered this document on August 30, 2012.*

---

[5] At the August 6 CMC, Defendant alluded to ORS 311.234(2), which offers a taxpayer some limited ability to request a correction to MAV calculated based on an incorrect square footage determination. ORS 311.234(2) states "the assessor may correct the [MAV] of the property for the current tax year if there is a demonstrated difference between the actual square footage of the property as of the assessment date for the current tax year and the square footage of the property as shown in the records of the assessor for the tax year." 311.234(2). According to the statute, any such petition for correction must be made directly to the assessor and must be made no later than December 31 of the "current tax year." ORS 311.234(2), (5); *see also Norman v. Multnomah County Assessor*, TC-MD 100557C at 1 (Oct 28, 2010). Plaintiff may elect to pursue a petition under ORS 311.234(2) for the 2012-13 tax year, provided he timely submits such a petition to the assessor; however, the change, if any, cannot retrospectively apply to the 2011-12 MAV for the subject property.