IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ALBERT E. SWANK                          )
and DEBORAH S. SWANK,                     )
                                         )
            Plaintiffs,                   )   TC-MD 130144C
                                         )
      v.                                  )
                                         )
DESCHUTES COUNTY ASSESSOR,                )
                                         )
                                         )
            Defendant.                    )   **DECISION OF DISMISSAL**

Plaintiffs have appealed the real market value (RMV) of certain real property consisting

of one single tax lot but two separate assessor tax accounts due to a "code split" stemming from

differing fire protection assessments for the property.  The appeal concerns the 2012-13 tax year.

Defendant filed an Answer and the court held a case management conference by telephone

May 6, 2013.  Albert Swank (Swank) appeared for Plaintiffs.  Sean McKenney (McKenney) and

Theresa Maul appeared for Defendant, although only McKenney is officially authorized to

represent the county.

## I.  STATEMENT OF FACTS

The salient facts, from the testimony and pleadings, are as follows.  Plaintiffs purchased a

1,525 square foot home on 7.16 acres in the La Pine, Oregon.  (Ptfs' Compl at 5.)  Their offer

was submitted the first day the property was listed for sale, on or about February 10, 2012.

Swank testified that the property was listed on a Saturday and that the seller accepted their offer

two days later on Monday, and McKenney indicated that the property's listing history indicates

that the property was listed February 10, 2012, and was "pending" on February 13, 2012.  The

important point here is that Plaintiffs "purchased" the property in early February, on the same

day it came on the market, and their offer was accepted within a few days, with the deed recorded roughly one month later. The date of the parties' purchase and sale agreement (approximately February 13, 2012) was shortly after the January 1, 2012, assessment date. The deed was subsequently recorded March 26, 2012. Plaintiffs paid $149,900 for the property. (*See* Ptfs' Compl at 3.) According to the parties, the seller of the property was a lending institution (a bank).

Although the property is identified in the assessor's records as a single tax lot, there are separate account numbers because the home and five acres are covered by the La Pine rural fire district, but the remaining 2.16 acres are not. The fire district imposes a tax levy for the fire protection services it offers and the tax collector must therefore tax the two portions of property separately. Accordingly, there are two separate account numbers: 127019 and 245176. (Ptfs' Compl at 2-3.) The assessor placed a total RMV of $157,050 on first account (127019), comprising the home and five acres, and a total RMV of $22,930 on the second account (245176), comprised of the 2.16 acres of undeveloped land which Swank testified was in a floodplain and basically unbuildable and, in his opinion, worth little or no money. The account with the home (127019) has an allocated RMV of $62,090 for the five acres of land and on-site developments which the assessor valued at $9,000[1] (water, sewer, electric, site preparation, driveway, and any landscaping, etc.), and $94,960 for the improvements (the home). (*See id*. at 2.) The RMV for the total tax lot is $179,980 ($157,050 plus $22,930). The property's maximum assessed value (MAV) and assessed value (AV) are $132,530 (for the legal tax lot, both accounts).

/ / /

---

[1] That means the assessor's five-acre land value, excluding the on-site developments, is $53,090, or approximately $10,000 per acre.

In their Complaint, Plaintiffs request an adjustment in the RMV of the property – the home and 7.16 acres – to the $149,900 purchase price. (Ptfs' Compl at 1.)

## II. ANALYSIS

Oregon's property tax appeal system contemplates an annual challenge to the value of the property by first filing a petition with the board of property tax appeals (board) after the tax statements are mailed each year (in October) and before December 31. *See e.g.* ORS 309.100 and ORS 309.026(2).[2] A taxpayer who timely petitions the board and disagrees with the outcome can file an appeal with the Oregon Tax Court, Magistrate Division, pursuant to ORS 305.275 (providing for appeals to the Magistrate Division of the tax court by persons aggrieved by an order of the board) and ORS 305.560 (Oregon Tax Court appeal procedure generally), doing so within 30 days of the date the board mails its order as provided in ORS 309.110(1) (providing for disposition of petitions to the board by order of the board) and ORS 305.280(4) (providing for the 30 day appeal period to the Oregon Tax Court).

Without other statutory authority, a taxpayer's failure to properly (and timely each year) pursue the statutory right of appeal by first going to the board and then the Oregon Tax Court, would be fatal for that year, leaving the taxpayer without a remedy for the year the process was not correctly followed. However, the legislature determined that certain extraordinary circumstances exist that merit the court's review and allow for changes in value where warranted. *See generally* ORS 305.288.

However, the statute referenced above that governs appeals to the Magistrate Division requires a party challenging any determination of the county assessor to be "aggrieved." ORS 305.275(1)(a) provides that a person appealing to the Magistrate Division of the Oregon

---

[2] All references to the Oregon Revised Statutes (ORS) are to 2011.

Tax Court "must be aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be 'aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." *Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. *Paris v. Dept. of Rev.*, 19 OTR 519, 521-522 (2008) (noting that ORS 305.275 requires a taxpayer to be aggrieved for the court to have jurisdiction, and finding that, under the facts of that case, the taxpayers failed to show that their requested reduction in RMV would reduce their property tax liability); *see also Parks Westsac L.L.C. v. Dept. of Rev.*, 15 OTR 50, 52 (1999).

The RMV Plaintiff's request in this case will not reduce their property taxes. At the court's request, following McKenney's representation during the May 6, 2013, telephone proceeding, that there would be no tax savings at Plaintiffs' requested RMV of $149,900 for the property, Defendant submitted to the court (and sent a copy to Plaintiffs) a document titled "Compression Worksheets * * *." The relevant portions of that eight-page document confirms that a reduction in RMV to $149,900 would not reduce Plaintiff's' property taxes, and that the RMV would have to be reduced to at least $145,250 for Plaintiffs to achieve a tax savings, and the amount saved at that value would be $.14. (Def's Compression Worksheets at 5-6.) Accordingly, Plaintiffs are not aggrieved as required by the statute, which means the court lacks jurisdiction and must dismiss the appeal.

### III. CONCLUSION

The court concludes that it lacks jurisdiction to consider Plaintiffs' appeal because the requested reduction in RMV for the 2012-13 tax year will not reduce their property taxes and

they are therefore not aggrieved as required by statute and explained in detail above.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Complaint is dismissed for lack of jurisdiction.

Dated this ___ day of May 2013.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision of Dismissal was signed by Magistrate Dan Robinson on May 13, 2013.  The Court filed and entered this Decision of Dismissal on May 13, 2013.*