IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| NICKOLAS FACAROS, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 130168N |
| | ) | |
| v. | ) | |
| | ) | |
| LANE COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION** |

This matter is before the court upon the written Stipulated Agreement, filed by the parties on September 16, 2013.

Plaintiff filed his Complaint on April 4, 2013, challenging the assessment of property identified as Account 1799319 (subject property) for the 2012-13 tax year. Plaintiff attached a board of property tax appeals (board) order to his Complaint. (Ptf's Compl at 2.) On September 3, 2013, Plaintiff filed an Amended Complaint adding the 2011-12 tax year and stating that "[D]efendant has recently inspected the subject property and reviewed the building permit history and tentatively concluded that it underestimated the percent complete in 2011, thereby leading to overtaxing the property in 2012." (Ptf's Am Compl at 1.) Plaintiff did not identify his requested relief for the 2011-12 tax year. (*Id.*) Plaintiff attached to his Amended Complaint a document captioned "Defendant's Consent to Filing of Amended Complaint," which stated "[D]efendant hereby gives its written consent to the filing of the attached Amended Complaint[]" and was signed by Defendant's authorized representative. (*Id.* at 3.)

On September 16, 2013, the parties filed a signed Stipulated Agreement in which they "agree[d] to the correction of values on the tax roll for the year(s) 2011-12 and 2012-13 * * *." (Stip Agree at 1.) For the 2011-12 tax year, the parties agreed to increase the subject property's

exception value to $97,751 and real market value to $151,898. For the 2012-13 tax year, the parties agreed to reduce the subject property's exception value to $10,653 and real market value to $167,595. (*Id.*) The cover letter to the Stipulated Agreement explains:

> "Following a site inspection of the subject [property], the county determined that the percent complete of the home was incorrectly stated for the 2011-12 year. The stipulation corrects this percent complete for 2011-12 and, consequently, increases the exception value of that year.

> "The 2011 percent complete is increased from 60 [percent] to 90 [percent]. The 2012 percent is decreased from a 40 [percent] to 10 [percent] increase over the 2011 to bring the subject [property] to 100 [percent] complete for the 2012 tax year. The stipulation adjusts the exception value lowering exception for the 2012-13 tax year."

(Def's Ltr at 1, Sep 16, 2013.)

ORS 305.275(1)(a) requires "any person" who appeals to this court be "aggrieved by and affected by an act, omission, order or determination of" the Department of Revenue, the board, a county assessor or other official, or a tax collector.[1] "In requiring that taxpayers be 'aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." *Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000). For a taxpayer to have an immediate claim of wrong, its requested reduction in value must result in a reduction in property taxes. When a reduction in value will not result in a reduction in property taxes, this court has ruled that a taxpayer is not aggrieved. *See Paris v. Dept. of Rev.*, 19 OTR 519, 521-522 (2008) (dismissing the taxpayers' appeal because "[n]o showing has been made that the requested reduction in [real market value] would reduce taxpayers' property tax liability").

Plaintiff has not requested a reduction in the subject property's 2011-12 real market value and has agreed with Defendant that the subject property's 2011-12 real market value and exception value should be increased. Plaintiff is not aggrieved under ORS 305.275(1)(a) for the

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

2011-12 tax year and the court lacks jurisdiction to order a change to the property tax and assessment rolls for the 2011-12 tax year.[2]

Because the parties are in agreement, the case is ready for judgment. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for the 2011-12 tax year is dismissed because Plaintiff is not aggrieved under ORS 305.275(1)(a) for the 2011-12 tax year.

IT IS FURTHER DECIDED that the value of property described as Account 1799319 is, as stipulated for the 2012-13 tax year:

Real Market Value
| | |
|---|---|
| Land: | $ 60,069 |
| Improvements: | $107,526 |
| Total: | $167,595 |

Exception Real Market Value:     $ 10,653.

IT IS FURTHER DECIDED that the court shall not award costs and disbursements to either party.

Dated this ___ day of September 2013.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR. Your Complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed.*
*This document was signed by Magistrate Allison R. Boomer on September 24, 2013. The Court filed and entered this document on September 24, 2013.*

---

[2] Based on Plaintiff's Amended Complaint and the parties' Stipulated Agreement, it appears that the parties agree that a percentage of the subject property's new improvements were omitted from the property tax and assessment rolls for the 2011-12 tax year. ORS 311.223(1) authorizes "[t]he assessor" to "correct the assessment or tax roll or rolls from which the property was omitted."