IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| LARRY J. SNELL and MYCELLE M. DEAN, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 160212N |
| v. | ) ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL**[1] |

This matter came before the court on Defendant's Motion to Dismiss (Motion).

Plaintiffs filed their Complaint on May 2, 2016, requesting that the real market value of property identified as Account R100770 be reduced to $480,000 for the 2015-16 tax year. (Compl at 1-2.) In its Motion filed May 27, 2016, Defendant asserts that "Plaintiff[s] [have] not alleged facts showing that [P]laintiff[s] [are] 'aggrieved' within the meaning of ORS 305.275 because [P]laintiff[s] [have] not requested a reduction in real market value which will result in any reduction in tax payable by [P]laintiff[s] for the year in question." (Def's Mot at 1 (citing *Kaady v. Dept. of Rev.*, 15 OTR 124 (2000).).

The parties discussed Defendant's Motion at a case management conference held on June 13, 2016. At that hearing, Plaintiffs orally declined to file a response to Defendant's Motion.

ORS 305.275 (1)[2] governs appeals to the Magistrate Division of the Oregon Tax Court from an order of a county board of property tax appeals. ORS 305.275(1)(a) requires a taxpayer

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered June 21, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

to be "aggrieved," which this court has interpreted to mean that the requested reduction in value, if granted, would reduce the property taxes. *Paris v. Dept. of Rev.(Paris)*, 19 OTR 519, 521-22 (2008). Generally speaking, for a taxpayer to be aggrieved, real market value must be lower than the maximum assessed value, and the value reduction must reduce the property taxes. *Id.* at 521-22; *Kaady v. Dept. of Rev.*, 15 OTR 124 (2000). In *Paris*, the plaintiffs sought a reduction in their real market value that was still considerably higher than their maximum assessed and assessed values and conceded that the requested reduction, if granted, would not reduce their property taxes. *Paris*, 19 OTR at 521. The court granted the defendant's motion to dismiss, holding that it lacked jurisdiction because the plaintiffs were not aggrieved and therefore lacked standing. *Id*. at 521-22, 524.

In this case, Plaintiffs requested a 2015-16 real market value of $480,000. The real market value on the assessment and tax rolls for the 2015-16 tax year is $531,400. (Compl at 2.) The maximum assessed value for the tax year at issue is $248,630. (*Id.*) Because the maximum assessed value is less than the real market value requested by Plaintiffs, Plaintiffs are not aggrieved. That is confirmed by a worksheet Defendant submitted with its Motion. (Mot at 2.) That worksheet demonstrates that, were the court to reduce the real market value of the subject property from $531,400 to $480,000, there would be no reduction in property taxes through compression. In addition, the maximum assessed value and assessed value would remain unchanged at $248,630.

Based on the foregoing, Plaintiffs are not aggrieved and therefore lack standing to bring the appeal under ORS 305.275(1)(a). Defendant's Motion to Dismiss must be granted. Now, therefore,

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted and Plaintiffs' appeal is dismissed.

Dated this ___ day of July 2016.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on July 12, 2016.*