IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JAMES WORK,                          )
                                     )
            Plaintiff,               )    TC-MD 160213R
                                     )
      v.                             )
                                     )
JACKSON COUNTY ASSESSOR,             )
                                     )
            Defendant.               )    **FINAL DECISION**

Plaintiff appealed the real market value (RMV) and maximum assessed value (MAV) of

property identified as Account 10200151(subject property) for the 2002-03 through 2015-16 tax

years.  The parties filed a Stipulated Agreement on August 3, 2016, memorializing the parties'

agreement as to values for the 2010-11 through 2015-16 tax years.  On August 22, 2016, the

court sent the parties a letter outlining concerns with the court's jurisdiction over this appeal.

Plaintiff filed a response to the court's letter on August 29, 2016; Defendant did not respond.

This matter is now ready for the court's determination.

Plaintiff appealed taxes on the subject property for the 2002-03 through 2015-16 tax

years.  In general, a taxpayer wishing to challenge the values assigned to its property may file a

petition with the county board of property tax appeals (BOPTA) before December 31 of the year

in which the tax statement is issued.  *See* ORS 309.100.[1]  A taxpayer who is dissatisfied with the

BOPTA order may then appeal to this court under ORS 305.275 within 30 days of the date of the

order.  *See* ORS 305.275(3); ORS 305.280(4).  If the taxpayer fails to pursue that statutorily

/ / /

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

prescribed appeal process, this court's authority to grant relief becomes limited to few narrow exceptions.[2]

Relevant here, the court may "order a change or correction * * * for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the * * * taxpayer has no statutory right of appeal remaining and the tax court determines good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." ORS 305.288(3). In this case, the current tax year is 2015-16; thus, the two prior years are 2014-15 and 2013-14. *See* ORS 305.288(5)(a); ORS 306.115. The court is not aware of any authority that would allow it to order a correction to the assessment or tax rolls for any tax year prior to 2013-14, and the parties have not identified any such authority. Accordingly, Plaintiff's appeal of the 2002-03 through 2012-13 tax years is dismissed.

In addition, in order for this court to have jurisdiction over a taxpayer's claim, the taxpayer must be "aggrieved by and affected by an act, omission or determination" of the county assessor, or other applicable state tax authority. *Paris v. Dept. of Rev.*, 19 OTR 519, 521 (2008) (citing ORS 305.275) (internal quotation marks omitted.) This court has held that a taxpayer is not "aggrieved" if the relief requested will not result in a change to the taxpayer's tax assessment. *Id.* For the 2013-14 tax year, the parties agreed to a change to the subject property's MAV only. (Stipulation at 2.) Because the assessed value was based on the subject property's RMV that year, a change to the MAV would not result in a change to Plaintiff's tax assessment. Plaintiff is therefore not aggrieved, and the court must dismiss Plaintiff's appeal of the 2013-14 tax year.

/ / /

---

[2] Defendant, however, may have authority to correct certain errors on the tax roll which are beyond the court's jurisdiction. *See* ORS 311.205.

With respect to the remaining tax years, the court may order a correction to the rolls upon a finding that "good and sufficient cause exists for the taxpayer's failure to pursue the statutory right of appeal." ORS 305.288(3). Plaintiff did not address this issue in his response to the court's August 22, 2016, letter, and Defendant did not file a response. However, Defendant's Answer, filed June 8, 2016, provides some relevant information. To summarize, Defendant agrees that the subject property was misclassified, resulting in an overstated value; Plaintiff met with Defendant's office in 2013 to discuss the error, but no change was made; and Defendant requests that the court consider Defendant's failure to act or issue an appealable decision when determining the outcome of this case. (Def's Answer at 1–2.) In light of those admissions, the court finds that "good and sufficient cause existed" for Plaintiff's failure to pursue his statutory right of appeal. The court is satisfied that it has jurisdiction over Plaintiff's appeal of the 2014-15 and 2015-16 tax years.

For the 2014-15 and 2015-16 tax years, the parties agreed that the values of the subject property should be as follows:[3]

<u>2014-15</u>
Real Market Value
|  |  |  |
|---|---|---|
| Land: | $ 172,480 | (no change) |
| Improvements: | $ 291,820 | (no change) |
| Total: | $ 464,300 | (no change) |

| Maximum Assessed Value: | $ 453,340 |
|---|---|

| Assessed Value: | $ 453,340 |
|---|---|

<u>2015-16</u>
Real Market Value
|  |  |  |
|---|---|---|
| Land: | $ 188,110 | (no change) |
| Improvements: | $ 314,750 | (no change) |
| Total: | $ 502,860 | (no change) |

---

[3] Values noted as "(no change)" reflect the parties' agreement to the tax roll value.

| | | |
|---|---|---|
| Maximum Assessed Value: | $ | 466,940 |
| Assessed Value: | $ | 466,940 |

Now, therefore,

IT IS THE DECISION OF THIS COURT that the values of real property identified as Account 10200151 for the 2014-15 and 2015-16 tax years should be as follows:

2014-15
| | | |
|---|---|---|
| Maximum Assessed Value: | $ | 453,340 |
| Assessed Value: | $ | 453,340 |

2015-16
| | | |
|---|---|---|
| Maximum Assessed Value: | $ | 466,940 |
| Assessed Value: | $ | 466,940 |

IT IS FURTHER DECIDED that Defendant shall correct the assessment and tax rolls to reflect the above values. Any refund due following this correction is to be promptly paid with statutory interest.

IT IS FURTHER DECIDED that, as agreed by the parties, neither party is awarded costs and disbursements.

Dated this ___ day of September 2016.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on September 21, 2016.*