IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

STEVEN A. NICHOLS, )
)
Plaintiff, ) TC-MD 230110N
)
v. )
)
CURRY COUNTY ASSESSOR, )
)
Defendant. ) **DECISION**

Plaintiff appealed the real market value (RMV) of property identified as Account R11181

(subject property) for the 2022-23 tax year. A trial was held by remote means on October 10,

2023. Plaintiff appeared and testified on his own behalf. Rick Young Seidemann (Seidemann),

a registered geologist and managing member of RYS Environmental LLC, also testified on

behalf of Plaintiff. Michael E. Fitzgerald, an Oregon attorney, appeared on behalf of Defendant.

Lacey Young (Young), Defendant's Lead Appraiser, testified on behalf of Defendant. Plaintiff's

Exhibits 1 to 13 and Defendant's Exhibits A and B were admitted.

## I. STATEMENT OF FACTS

The subject property is a 1,632-square-foot house built in 2016 and situated on a 1.10-

acre lot. (Def's Ex A at 3.) Both parties agree that the value of the subject property is impacted

by a decommissioned underground fuel tank that requires remediation. (*See id.*; Ptf's Exs 6-11.)

Seidemann's report listed a cost to cure contamination of $63,498. (Ptf's Ex 9 at 3.)

Plaintiff testified that the subject property house was unfinished, making it difficult to

find comparable sales, so he relied upon the cost approach. To determine the land value,

Plaintiff relied on four land sales and considered two others, concluding a value of $150,000

after making adjustments. (Ptf's Exs 3, 13.) From that value, he subtracted the $63,498 cost to

cure listed in Seidemann's report, for a revised land value of $86,502. (Ptf's Ex 9 at 3.) To value the subject property's improvements, Plaintiff relied on Defendant's property record for the subject, indicating a value of $77,120 for the house ("main area" plus "upper level") and $158,270 for the garage. (Ptf's Ex 4.) Plaintiff testified that he reduced the garage value by 10 percent because it was not wired for electricity, and he added 10 percent for appreciation since the prior year, for a total improvement value of $244,489. Adding that improvement value to the land value yields a total of $330,991.

Young valued the subject property using the sales comparison approach, concluding a total value of $561,660. (Def's Ex A at 3-7.) She subtracted $50,000 for the underground tank, concluding a revised value of $511,660. (*See id.*)

The subject property's 2022-23 tax roll RMV, which was sustained by the board of property tax appeals, was $561,600, and its maximum assessed value (MAV) and assessed value (AV) were each $244,020. Plaintiff originally requested an RMV of $218,320. (Compl at 1.) During trial, Plaintiff revised his requested RMV to $330,991. Defendant confirmed that a reduction in the RMV to $330,991 would not result in tax savings for the 2022-23 tax year.

## II. ANALYSIS

The issue before the court is the 2022-23 real market value of the subject property. "Real market value" is "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." ORS 308.205(1).[1] The assessment date was January 1, 2022, for the 2022-23 tax year. ORS 308.007; ORS 308.210. As the party seeking affirmative relief, Plaintiff bears the burden of proof by a preponderance of the

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

evidence, which means "the greater weight of evidence, the more convincing evidence." ORS 305.427; *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971).

A threshold issue is whether Plaintiff is aggrieved based on his revised RMV request at trial and the evidence presented. ORS 305.275(1)(a) requires a taxpayer to be "aggrieved," which this court has interpreted to mean that the requested reduction in RMV, if granted, would reduce the property tax liability. *Paris v. Dept. of Rev.*, 19 OTR 519, 521-22 (2008). Generally, the RMV must be lower than the MAV to reduce the property tax owed. *Id.* (taxpayer was not aggrieved by the request to reduce RMV to $369,900 when MAV was $209,120).[2] That is because AV is the lesser of RMV and MAV. *See* ORS 308.146(2) (so stating).

In this case, Plaintiff presented evidence that the subject property's RMV was $330,991 for the 2022-23 tax year. The MAV for the 2022-23 tax year was $244,020. Even if the court were to accept that the subject property's RMV was $331,991, its AV would remain unchanged at $244,020 and there would be no reduction in property taxes for the 2022-23 tax year. As such, Plaintiff is not aggrieved, and therefore lacks standing to appeal to this court under ORS 305.275. *Paris*, 19 OTR at 521-22.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] An exception to this general rule exists in the case of "compression" under Measure 5. *See* Or Const Art XI, § 11b. For background, see Oregon Department of Revenue, *A Brief History of Oregon Property Taxation*, at 3-4, 7-8, *available at* https://www.oregon.gov/DOR/programs/gov-research/Documents/303-405-1.pdf. Neither party presented evidence or otherwise argued that this exception applies to the subject property for the 2022-23 year.

### III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff is not aggrieved under ORS 305.275(1)(a) based on the evidence he presented at trial. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed.

Dated this _____ day of December 2023.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on December 11, 2023.*