IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JON W. CREW and BOBBE W. CREW,    )
    )
        Plaintiffs,    )   TC-MD 120815N
    )
    v.    )
    )
CLACKAMAS COUNTY ASSESSOR,    )
    )
        Defendant.    )   **DECISION**

This matter is before the court on Defendant's motion to dismiss, filed with its Answer on December 5, 2012. The parties discussed the motion to dismiss during the case management conference held in this matter on December 31, 2012. The parties subsequently filed additional written arguments on the motion to dismiss.

On its own motion, the court considers whether Defendant's disqualification letter complied with applicable statutes and rules. On March 7, 2013, the court sent a letter to the parties requesting written statements on whether Defendant's June 27, 2012, disqualification letter meets the requirements of ORS 308A.718 and OAR 150-308A.718. Plaintiff Jon W. Crew filed a written statement on March 26, 2013. Defendant did not file a written statement.

I. STATEMENT OF FACTS

Plaintiffs appeal from Defendant's letter, dated June 27, 2012, which stated:

"In accordance with ORS 321.716, 8.94 acres of [property identified as Account 00129382 (subject property)] will be removed from Special Assessment as Small Tract Forestland, effective as of January 1, 2012, because the land no longer qualifies as forestland. Real Market Value will replace Small Tract Forest values for the 2012-2013 Assessment Year.

"The additional tax of $262.05 required by ORS 308A.703 will be added to the taxes extended against the property on the 2012-2013 tax roll. This tax will appear on your 2012-2013 tax statement, which you will receive in late October 2012. * * * .

"Your disqualified land is not eligible for special assessment as Small Tract Forestland for a period of five years as required by ORS 321.709. However, all or a portion of the acreage may qualify for another special assessment. When land is disqualified under ORS 308A.706, an application may be submitted for another program within 30 days of the date on the notice.

"Any appeal from this decision must be filed with the Oregon Tax Court in the Magistrate Division within 90 days of the postmark date on this letter. * * * ."

(Ptfs' Compl at 5; Def's Arg in Support of Mot to Dismiss at Ex A, Jan 9, 2013.)

With their Complaint, Plaintiffs attached a second letter from Defendant, entitled "Declassification of Special Assessment 2012-2013," also dated June 27, 2012. (Ptfs' Compl at 6.) It is unclear if or when that letter was sent to Plaintiffs.[1] The letter indicated that 8.94 acres of the subject property would be removed from "Western Oregon Designated Forestland." (*Id.*) It stated the "Reason for Declass" as "Western Oregon Designated Forestland – ORS 321.367 Minimum stocking." (*Id.*) The letter stated:

"The additional tax, required under Oregon Law, will be added to the taxes extended against this property, and will appear on your 2012-2013 property tax statement which you will receive at the end of October 2012. * * *.

"Real market value will replace your previously deferred value and a new assessed value, under Measure 50 guidelines, will be calculated for the 2012 assessment year. Any appeal from this decision must be filed with the Oregon Tax Court in the Magistrate Division within 90 days of the postmark date on this letter. If you wish to make application for classification under another special assessment, you may do so within 30 days of the date on this letter. * * *."

(*Id.*) A "Tax Due" was calculated for each of the 2007-08 through 2011-12 tax years, with a "Total Gross Tax - all years" of $4,011.85. (*Id.*)

/ / /

---

[1] In its Argument in Support of Motion to Dismiss, Defendant provided as an exhibit the "letter notifying the Plaintiff of the declass [that] was mailed on June 27, 2012 * * *." (Def's Arg in Support of Mot to Dismiss, Jan 9, 2013.) Defendant did not attach or make reference to the "Declassification of Special Assessment 2012-2013" letter that was included with Plaintiffs' Complaint.

The 2012-13 property tax statement for the subject property stated total taxes due of $5,807.20. (Ptfs' Compl at 4.) Included in that total was $4,011.85 for "DECLASS FOREST" and $262.05 for "DECLASS STF." (*Id.*)

In support of its motion to dismiss, Defendant stated that the

> "letter notifying [] Plaintiff[s] of the declass was mailed on June 27, 2012 and stated that any appeal from [that] decision must be filed with the Oregon Tax Court in the Magistrate Division within 90 days. Per ORS 305.275 and 305.280, any person aggrieved by an act or determination of the assessor may appeal to the magistrate within 90 days of the act of determination."

(Def's Arg in Support of Mot to Dismiss, Jan 9, 2013.) Defendant further noted that Plaintiffs had 30 days from the date of the notice "to apply for another special assessment." (*Id.*)

In Plaintiffs' Complaint, Plaintiff Jon W. Crew (Crew) reported that he talked with Julie Kuehl (Kuehl), Appraiser for Defendant, at some point in April 2012 about changing the subject property to "farm special assessment." (Ptfs' Compl at 2.) Crew stated that he understood from that conversation that a portion of the subject property "would be rolled over into farm land special assessment." (*Id.*) Additionally, he stated that Kuehl told him that "a letter would come discussing the specifics." (*Id.*) Plaintiffs argue that they were

> "misled by the Clackamas county assigned representative by stating the increase in the amount of taxes due would be under $300.00 since it would go into special assessment farm land. Additionally, in April 2012 [Crew] was told that a letter stating the difference would be mailed. [] On return to Oregon in late June, the letter had still not been received. Upon contacting Clackamas County Senior Appraiser, [Crew] again was told the additional taxes would be under $300.00 and that the letter would be sent out in a batch mailing. The fact that it was going to be mailed out in less than a week, or at least by the mandated deadline of July 15th was omitted."

(Ptfs' Ltr at 1, Feb 11, 2013.) Crew stated that he "did not actually know of the [June 27, 2012,] letter until just after the 1st of November due to [his] being out of state for an extended period. An appeal was initiated within days from the time [he] received the letter." (*Id.*) Crew stated

that Plaintiffs received their property tax statement for the subject property in "late October" 2012 and observed that the "tax went from $355.20 to $5986.81." (Ptfs' Compl at 2.) Plaintiffs' Complaint was filed with this court on November 14, 2012.[2]

## II. ANALYSIS

Defendant filed a motion to dismiss asserting that Plaintiffs' appeal was not filed within the time allowed under ORS 305.280. However, as discussed below, Defendant's June 27, 2012, disqualification letter failed to comply with the applicable statute and administrative rule. As a result, the court concludes that Defendant failed to provide valid notice of its disqualification of the subject property from small tract forestland special assessment. Defendant's motion to dismiss is, therefore, moot.

Defendant's June 27, 2012, letter stated that it was issued pursuant to ORS 321.716. ORS 321.716(1)[3] sets forth circumstances under which "[t]he county assessor shall disqualify land as small tract forestland[.]" ORS 321.716(4) states that, "[u]pon disqualification of land under subsection (1) of this section, additional taxes shall be determined as provided in ORS 308A.700 to 308A.733." When property is disqualified from small tract forestland special assessment or Western Oregon designated forestland special assessment, notice of the disqualification must be provided under ORS 308A.718. ORS 308A.718(1)(c), (e). The statutory requirements under ORS 308A.718 are supplemented by an administrative rule promulgated by the Department of Revenue, OAR 150-308A.718.

/ / /

---

[2] ORS 305.418(1) states that a complaint will be deemed filed "on the date shown by the post-office cancellation mark stamp upon the envelope containing [the complaint]." Thus it is the postmark date that controls the determination of filing date.

[3] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules are to the 2011 version unless otherwise noted.

ORS 308A.718(3) states: "Within 30 days after the date that land is disqualified from special assessment, the assessor shall notify the taxpayer in writing of the disqualification and shall state the reason for disqualification." *See also* OAR 150-308A.718(2)(a) (the notice "must state" that "the subject property has been disqualified from special assessment"). " 'Shall' is a command: it is used in laws, regulations, or directives to express what is mandatory." *Preble v. Dept. of Rev.* (*Preble*), 331 Or 320, 324, 14 P3d 613 (2000) (citations omitted).

In *Eby v. Dept. of Rev.* (*Eby*), 15 OTR 247, 251 (2000), this court found that the county assessor's notice failed to comply with the predecessor statute to ORS 308A.718 because the "notice erroneously indicated that the land was *being* disqualified under ORS 215.263, when it should have stated that the land *had been* disqualified under ORS 308.397." (Emphasis in original.) The court explained that "the owner needs to understand that the action has been taken, not that it will be taken. * * * By requiring the assessor to disqualify the property first and then give the owner notice of that action, the statute contemplates that the owner will either accept the action or appeal to this court under ORS 305.275." *Id.* The court noted that, under ORS 305.280(1), the property owner has 90 days to file an appeal from the date that the "owner learns of the disqualification." *Id.*

> "If the owner is distracted or lulled into inaction in the hope that discussions with the assessor's office will change the outcome, the appeal period may expire before the owner realizes that disqualification is an accomplished fact. If the appeal period expires, the owner is time barred from obtaining any relief."

*Id.* Here, as in *Eby*, Defendant's June 27, 2012, letter stated that the subject property "*will be removed* from Special Assessment as Small Tract Forestland."[4] (Emphasis added.) Defendant's

/ / /

---

[4] Defendant's "Declassification of Special Assessment 2012-2013" letter includes the same statement as the June 27, 2012, letter. It also fails to state that the subject property "had been" disqualified from western Oregon forestland special assessment.

letter failed to state that the subject property "had been" disqualified from small tract forestland special assessment.

ORS 308A.718(3) requires the assessor to "state the reason for disqualification." *See also Smith v. Dept. of Rev.* (*Smith*), 17 OTR 357, 362 (2004). The June 27, 2012, letter provided by Defendant stated that subject property will be disqualified "because the land no longer qualifies as forestland." Presumably, the term "forestland" is a reference to the requirement under ORS 321.716(1)(b) that the assessor "disqualify land as small tract forestland upon * * * [d]iscovery by the assessor that the land is no longer forestland[.]" The second letter, entitled "Declassification of Special Assessment 2012-2013," stated that the "Reason for Declass" was "Western Oregon Designated Forestland - ORS 321.367 Minimum stocking." (Compl at 6.) It is unclear to the court why Defendant's two letters provided different reasons for disqualification and referenced two different special assessment programs.[5]

Additional disqualification notice requirements are set forth in ORS 308A.718(5)(a):

"When any land has been granted special assessment under any of the special assessment laws listed in subsection (1) of this section and the land is disqualified from such special assessment, the county assessor shall furnish the owner with a written explanation summarizing:

"(A) ORS 308A.706(1)(d) (relating to change in special assessment);

"(B) ORS 308A.727 (relating to change in use to open space use special assessment for certain golf courses);

"(C) The administrative act necessary under ORS 308A.724 to change the property to another classification described in this paragraph; and

---

[5] In order to qualify as "forestland" for purposes of the small tract forestland special assessment program, land must "meet[] the definition of forestland under ORS 321.257 if the land is located in western Oregon or * * * meet[] the definition of forestland in ORS 321.805 if located in eastern Oregon." ORS 321.700(6). It may be that Defendant intended to disqualify 8.94 acres of the subject property from *both* small tract forestland special assessment and western Oregon forestland special assessment based on a determination that the subject property no longer met the definition of "forestland" in ORS 321.257(2). Even if that were the case, it is unclear to the court why the "Declassification of Special Assessment 2012-2013" stated that the reason for the disqualification from western Oregon forestland special assessment was failure to meet the minimum stocking requirements.

"(D) The imposition of any penalties that would result from the disqualification if no requalification or reclassification is made under one of the other special assessment law listed in this paragraph."

Under ORS 308A.718(5)(a)(C), the assessor must provide "a written explanation of the administrative acts needed to change the type of special assessment. This disclosure relates to actions required of taxpayer that must be taken within specific time frames in order for additional taxes to be deferred." *Smith*, 17 OTR at 362 (citations omitted); *see also* OAR 150-308A.718(2)(d). Defendant's June 27, 2012, letter stated: "When land is disqualified under ORS 308A.706, an application may be submitted for another program within 30 days of the date on the notice."[6] Defendant's letter made no reference to ORS 308A.724 and failed to provide an explanation of the "administrative act necessary under ORS 308A.724 to change the property to another classification." Thus, the letter failed to comply with ORS 308A.718(5)(a)(C).

Under ORS 308A.718(5)(a)(D), the notice must provide an explanation summarizing "[t]he imposition of any penalties that would result from the disqualification if no requalification or reclassification is made under one of the other special assessment laws listed in this paragraph." *See also* OAR 150-308A.718(2)(c) (the notice "must state * * * [t]he amount of the additional tax liability that will be imposed or if the land is not used for another use the amount of the potential additional tax liability (ORS 308A.706(1))"). This court has explained the importance of including the amount of the additional tax in the notice:

"An owner may agree with the assessor's action of disqualifying the property, but may disagree with the market value estimate placed on the roll or the amount of additional tax calculated or both. If that information is not contained in the notice, the owner is unable to determine whether to appeal on those points.

---

[6] Defendant's "Declassification of Special Assessment 2012-2013" letter includes the same statement as the June 27, 2012, letter. It also fails to include a reference to ORS 308A.724 or an explanation of "administrative act necessary under ORS 308A.724 to change the property to another classification."

> Failure to include that information places the owner on the three-legged stool that is missing two legs."

*Eby*, 15 OTR at 252.

Defendant's June 27, 2012, letter stated: "The additional tax of $262.05 required by ORS 308A.703 will be added to the taxes extended against the property on the 2012-2013 tax roll." ORS 308A.703 does not, by its terms, apply to the disqualification of property from small tract forestland special assessment. Rather, ORS 308A.707 sets forth the "additional taxes [that] shall be imposed on land that is disqualified from small tract forestland special assessment under ORS 321.712 or 321.716." Thus, the reference in Defendant's letter to ORS 308A.703 is in error. Furthermore, Defendant's June 27, 2012, letter included an incomplete statement of the additional tax that was imposed following disqualification. Based on the "Declassification of Special Assessment 2012-2013" letter and the property tax statement for the subject property,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

total additional taxes of $4,273.90 were imposed.[7] The June 27, 2012, letter referenced only the additional tax of $262.05.

Under OAR 150-308A.718(2)(b), the notice of disqualification must state "[t]hat the property will be assessed under ORS 308.156." Defendant's June 27, 2012, letter states "Real Market Value will replace Small Tract Forest values for the 2012-2013 Assessment Year." The letter included no reference to ORS 308.156. Defendant's "Declassification of Special Assessment 2012-2013" letter stated: "Real market value will replace your previously deferred value and a new assessed value, under Measure 50 guidelines, will be calculated for the 2012 assessment year." That letter, also, made no reference to ORS 308.156.

/ / /

---

[7] Although it is not clearly stated in either of Defendant's letters, it appears to the court that the "additional tax of $262.05" is the additional tax that Defendant calculated ORS 308A.707(2)(a) which states, in part:

"The additional taxes for disqualified small tract forestland that is qualified for special assessment under a program described in ORS 308A.706 (1)(d)(A) to (D), (F) or (G) shall be equal to the difference between the taxes assessed against the land under ORS 321.700 to 321.754 and the taxes that would have been assessed against the land:

"(A) Under ORS 321.257 to 321.390, if the land is located in western Oregon[.]"

In other words, when property is disqualified from small tract forestland special assessment *and* qualifies for another special assessment program listed in ORS 308A.706(1)(d) (not including small tract forestland special assessment), the additional tax imposed is the difference between taxes assessed against the property under small tract forestland special assessment and the taxes that would have been imposed against the property if it were in western Oregon forestland special assessment. If the property is disqualified from small tract forestland special assessment and does *not* qualify for another special assessment program under ORS 308A.706(1)(d), then the additional tax due upon disqualification will *also* include:

"The difference between the taxes that would have been assessed against the land under ORS 321.257 to 321.390, if located in western Oregon, * * * and the taxes that would otherwise have been assessed against the land, for the lesser of the number of consecutive years the land was forestland or five years."

ORS 308A.707(3)(a)(B). Thus, when property is disqualified from small tract forestland special assessment and fails to qualify for another special assessment program under ORS 308A.706(1)(d), the additional tax due will *also* include the difference in taxes assessed against the property under western Oregon forestland special assessment and the taxes that would have been imposed against the property if it were not subject to any special assessment. It appears to the court that the "Declassification of Special Assessment 2012-2013" letter was meant to be a determination of the additional tax under ORS 308A.707(3)(a)(B), although there is no reference to that statute in the letter.

DECISION  TC-MD 120815N                                                                                           9

Under OAR 150-308A.718(2)(e), the notice must state "[a]ppeal rights." Both Defendant's June 27, 2012, disqualification letter and its "Declassification of Special Assessment 2012-2013" letter stated: "Any appeal from this decision must be filed with the Oregon Tax Court in the Magistrate Division within 90 days of the postmark date on this letter." That statement is incorrect. An appeal of disqualification from small tract forestland special assessment must be filed "within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act * * * or determination has been made." ORS 305.280(1). Neither of Defendant's letters included a reference to ORS 305.280(1).

Defendant's June 27, 2012, letter disqualifying the subject property from small tract forestland special assessment included numerous defects and does not meet the requirements of ORS 308A.718 and OAR 150-308A.718. "Those written explanatory summaries are required by statute and, in the court's opinion, the failure to provide them renders the disqualification invalid." *Smith*, 17 OTR at 363, *citing Preble*, 331 Or at 320; *see also Wengert v. Clackamas County Assessor*, TC-MD No 031131D, WL 392940 at *1-2 (Feb 27, 2004) (concluding that a notice of disqualification was invalid for failure to "include the statutory requirements set forth in ORS 308A.718(5)(a)"). The court concludes that Defendant's June 27, 2012, disqualification letter is invalid notice under ORS 308A.718 and OAR 150-308A.718.

/ / /

/ / /

/ / /

/ / /

/ / /

III.  CONCLUSION

After careful consideration, the court concludes that Defendant's June 27, 2012, letter disqualifying the subject property from small tract forestland special assessment failed to comply with the requirements of ORS 308A.718 and OAR 150-308A.718.  Defendant's disqualification is, therefore, invalid.  As a result, the court concludes that Defendant's motion to dismiss should be denied as moot and Plaintiffs' appeal should be granted.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is denied.

IT IS FURTHER DECIDED that Plaintiffs' appeal is granted.

Dated this ____ day of April 2013.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on April 5, 2013. The Court filed and entered this document on April 5, 2013.*