IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| PEACEHEALTH, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 170164G |
| | ) | |
| v. | ) | |
| | ) | |
| LANE COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | **ORDER DENYING** |
| | ) | **DEFENDANT–INTERVENOR'S** |
| Defendant-Intervenor. | ) | **MOTION TO DISMISS** |

Defendant–Intervenor (the department) moved to dismiss for lack of subject matter jurisdiction. The department's intervention and motion followed upon the court's raising the issue of subject matter jurisdiction on its own motion and requesting briefing from the parties. In addition to the department's motion, Plaintiff and Defendant each submitted a brief.

I. PROCEDURAL HISTORY

Plaintiff appealed from Defendant's letter dated March 2, 2017 (correction letter) that notified Plaintiff that the subject property (identified as Account 1646130) had been disqualified from nonexclusive-farm-use special assessment. The correction letter stated that it corrected a previous letter, dated July 6, 2016, to reflect a reduction in "2016 Postponed Farm Tax" stemming from a decision received from the department.

/ / /

/ / /

/ / /

A.    *Statutory Scheme for Additional Tax Liability*

When a property is disqualified from farm-use special assessment, ORS 308A.703(2)[1] requires assessors to extend an "additional tax" against the land.  In the case of nonexclusive farm use zone farmland, that additional tax is "equal to the difference between the taxes assessed against the land and the taxes that would otherwise have been assessed against the land" for a period of up to five years before the disqualification.  ORS 308A.703(2),(3)(d).

Where the land disqualified from special assessment meets any of a series of conditions, ORS 308A.706(1) forbids the imposition of the "additional taxes described under ORS 308A.703," stating that such taxes "shall remain a potential tax liability."  For disqualified nonexclusive farm use zone farmland, the restriction on imposing additional taxes applies "to the extent the additional taxes are deferred or abated as provided in ORS 308A.119."  ORS 308A.706(1)(e).  ORS 308A.119 provides for deferral of additional taxes for farmland that does not meet the gross income or other requirements of ORS 308A.071.  While such land is continuing in its "limited use" as farmland, each year's additional tax is first deferred and then abated, one year at a time.  ORS 308A.119(1).  To make matters confusing, the additional tax described as "deferred" by ORS 308A.119 is described as "potential additional tax liability" by another statute, ORS 308A.122.

B.    *Defendant's Corrected Notice of Disqualification*

Defendant's calculation of the "2016 postponed farm tax" depended in part on the real market values on the tax rolls for the previous five years.  The reason for the correction letter was that Plaintiff had successfully appealed the real market values on the 2015–16, 2014–15, and 2013–14 tax rolls to the board of property tax appeals and to the department.  After those

---

[1] The court's references to the Oregon Revised Statutes are to 2015.

ORDER DENYING DEFENDANT–INTERVENOR'S
MOTION TO DISMISS  TC-MD 170164G                                                  2

appeals, the real market values on the five tax rolls preceding the disqualification were as follows.

| Tax Year | RMV |
|----------|-----|
| 2011–12 | $2,744,024 |
| 2012–13 | $2,744,024 |
| 2013–14 | $ 82,455 |
| 2014–15 | $ 85,000 |
| 2015–16 | $ 85,000 |

The correction letter provided a dollar figure calculated from those five tax rolls—$62,089.96—that it variously referred to as "potential" additional tax, "deferred" additional tax, "postponed" additional tax, and, simply, "additional tax." The letter stated, in part:

> "Potential additional tax for this disqualification is $126,046.43 $62,089.96[.]

> "This will appear as a 2016 Postponed Farm Tax on your 2016-2017 tax statement. For assessment and taxation purposes, it is not due and collectable; *however it does serve as a lien on the property*."

(Strikethrough in original; emphasis added.)

The parties agree that the subject property was properly disqualified from farm use special assessment. Plaintiff and Defendant stipulated that the subject property's actual real market value in both of tax years 2011–12 and 2012–13 was $82,455.

The court requested briefing from Plaintiff and Defendant on its jurisdiction to reduce the real market values on the 2011–12 and 2012–13 tax rolls. Thereafter, the department intervened and moved to dismiss on the ground that Plaintiff was not aggrieved because no tax was assessed against the subject property.

## II.  ANALYSIS

The issue here is justiciability: whether Plaintiff has standing to maintain its appeal. Although justiciability is sometimes treated as a jurisdictional requirement, the court follows the

example of the Oregon Supreme Court in analyzing them separately here. *Cf. League of Oregon Cities v. State of Oregon*, 334 Or 645, 56 P3d 892 (2002).

A.     *Jurisdiction*

Barring certain statutory exceptions not pertinent here, this court's subject-matter jurisdiction extends to "all questions of law and fact arising under the tax laws of this state." ORS 305.410(1). The questions that arise under the tax laws include those "which must be resolved in order to decide taxability or the amount of tax." *Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983). Having jurisdiction in a given area, however, does not imply that the court always has authority to grant relief within that area. *Work v. Dept. of Rev. (Work)*, TC 5286, 2017 WL 3135940, at *4 (Or Tax July 20, 2017). Thus, the court has jurisdiction over questions regarding tax roll values stretching back many years, but still must dismiss where a plaintiff raising such questions lacks standing or has failed to state a claim for relief. *See*, *e.g.*, *id*.

In light of the recent guidance from the Regular Division in *Work*, the court no longer has concerns about its jurisdiction over the issues in this case. Plaintiff requested that the subject property's tax roll real market values be reduced and that the "postponed farm tax" be recomputed. Those claims bear upon the amount of tax which either has been or might be assessed against the subject property. They raise questions under the tax laws of this state and therefore fall within this court's subject-matter jurisdiction.

B.     *Justiciability*

1.     *Statute under which Plaintiff seeks relief*

The parties propose two statutes that may give Plaintiff a claim for relief. Plaintiff asserts that it brought its Complaint under ORS 308A.718(4), which authorizes taxpayers to appeal "the assessor's determination" after receiving a notice of disqualification from special assessment.

The department asserts that Plaintiff's Complaint could only have been brought under ORS 305.275(1), which authorizes appeals by taxpayers who are "aggrieved" by a taxing authority's act or omission and have no other statutory right of appeal. The department argues that ORS 308A.718(4) authorizes appeal only of the determination of disqualification, not of the associated calculation of additional taxes.

The department's narrow interpretation of the appeal right granted by ORS 308A.718(4) is unsupported. An assessor's notice of disqualification must state not only that the property has been disqualified from special assessment, but also the "amount of the additional tax liability that will be imposed or if the land is not used for another use the amount of the potential additional tax liability (ORS 308A.706(1))[.]" OAR 150-308-1530.[2] This court has previously reasoned that the assessor is required to notify taxpayers of the additional tax liability in the notice precisely so that taxpayers can determine whether to appeal that point in addition to or instead of the disqualification itself. *Eby v. Dept. of Rev.*, 15 OTR 247, 252 (2000). The appealable "determination" of the assessor may include either the disqualification or the associated calculation of additional tax liability.

The court concludes that Plaintiff's appeal was properly brought under ORS 308A.718(4). However, even though ORS 308A.718(4) does not explicitly require that a plaintiff be "aggrieved," Plaintiff still must satisfy any constitutional requirements for standing.

2.      *Standing under Article VII (Amended), section 1*

In recent years, the Oregon Supreme Court has researched in some detail the Constitutional basis—or lack thereof—for standing requirements. *See Couey v. Atkins (Couey)*, 357 Or 460, 355 P3d 866 (2015); *Kellas v. Dept. of Corrections*, 341 Or 471, 145 P3d 139

---

[2] Oregon Administrative Rules (OAR)

(2006); *Yancy v. Shatzer (Yancy)*, 337 Or 345, 97 P3d 1161 (2004). In *Yancy*, the Court concluded that the judicial power given to the courts by Article VII (Amended), section 1, of the Oregon Constitution was "limited to the adjudication of an existing controversy." *Yancy*, 337 Or at 362. In *Couey*, the Court qualified its statement in *Yancy*, stating that in fact "there are no justiciability limitations on the exercise of judicial power in public actions or cases involving matters of public interest." *Couey*, 357 Or at 520; *Brownstone Homes Condo. Ass'n v. Brownstone Forest Heights, LLC*, 358 Or 26, 30, 361 P3d 1 (2015) (noting qualification). The holding in *Couey* did not reach the Constitutional standing requirements found by the *Yancy* court for cases other than "public actions" and "cases involving matters of public interest." *Couey*, 357 Or at 522. The upshot is that, in private actions, the holding of *Yancy* still applies. Under Article VII (Amended), section 1, of the Oregon Constitution, the parties must have adverse interests, and the court's decision must have "some practical effect on the rights of the parties to the controversy." *Rains v. Stayton Builders Mart, Inc.*, 359 Or 610, 624, 375 P3d 490 (2016) (quoting *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993)).

A tax case is nonjusticiable and must be dismissed when "there is no possibility of a practical effect on the tax liability of a taxpayer * * * for the year that is at issue * * *." *FedEx Ground Package System, Inc. v. Dept. of Rev. (FedEx)*, 20 OTR 547, 549 (2012). The court does not proceed in cases where the ruling could only affect future property tax liability because such liability is contingent on future ownership and use of the property. *Douglas County v. Smith*, 18 OTR 450, 454 (2006). The rule applied for justiciability is the same as the rule applied in evaluating whether taxpayers are "aggrieved" within the meaning of ORS 305.275(1)(a). *FedEx*, 20 OTR at 549; *Paris v. Dept. of Rev.*, 19 OTR 519 (Or Tax 2008) (holding taxpayer lacked standing under ORS 305.275(1) because requested relief would not reduce present tax liability).

Thus, the court occasionally uses the term *aggrieved* even where a taxpayer's claim is not brought under a statute that uses that term—effectively using it as a shorthand for an evaluation of justiciability. *See Work*, 2017 WL 3135940 at *6–7 (stating claim under ORS 305.288 could be dismissed because plaintiff not aggrieved); *cf. Cullison v. Dept. of Rev.*, 17 OTR 315, 317 (2004) (noting in farm use disqualification case that court's remedies were for "aggrieved taxpayers").

Here, Plaintiff states that it is aggrieved because Defendant imposed a lien on the subject property. Plaintiff's statement is supported by the correction letter it attached to its Complaint, which states that the postponed farm tax "does serve as a lien on the property." A tax lien is a present tax liability, even if the amount it secures is not immediately due. In fact, all lawfully imposed real property taxes are liens, and the final installments of those taxes are not generally due until several months after they are imposed. ORS 311.405(1)(a); ORS 311.505(1). No lien for payment of additional taxes can exist unless the taxes have been imposed and remain unpaid. *See Boardman Acquisition LLC v. Dept. of Rev.*, 22 OTR 183, 187–88 (2015), *aff'd* 361 Or 440, 393 P3d 1147 (2017) (concluding one plaintiff not aggrieved because no lien for payment of additional taxes imposed could exist after taxes were paid by other plaintiff). By alleging a lien on the subject property and providing a document to support that allegation, Plaintiff has shown this case is justiciable at the current stage of the proceedings.

The department's Motion to Dismiss asserts that the potential additional taxes reported in the correction letter were not, in fact, assessed against the subject property. That raises a question as to whether a lien was actually taken. However, the department's motion is not supported by declarations or other documents, whereas Plaintiff has provided a letter from

/ / /

Defendant stating there is a lien.  Because the Department has not overcome Plaintiff's initial showing of justiciability, its Motion to Dismiss is not well taken.

In a justiciable case, a stipulation signed by all parties is ground for this court to enter a judgment.  TCR–MD 20 B.[3]  Here, Plaintiff and Defendant signed a stipulation, but the department has not.  Although this case is justiciable, the court cannot enter a judgment because all parties have not signed the stipulation.

### III.  CONCLUSION

The court concludes that Plaintiff's evidence of a lien on the subject property suffices to render this case justiciable at this stage of the proceedings.  Now, therefore,

IT IS ORDERED that Defendant–Intervenor's Motion to Dismiss is denied.

IT IS FURTHER ORDERED that the parties shall confer and, within 14 days, file a status report proposing next steps to resolve this appeal.

Dated this ___ day of November, 2017.

POUL F. LUNDGREN
MAGISTRATE

*This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.*

*This document was signed by Magistrate Lundgren and entered on November 3, 2017.*

---

[3] Tax Court Rule–Magistrate Division (TCR–MD)