IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| LINDQUIST HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 210226G |
| | ) | |
| v. | ) | |
| | ) | |
| YAMHILL COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **ORDER DISMISSING COMPLAINT** |

On its Motion for Summary Judgment, Defendant challenges whether Plaintiff is aggrieved by a potential additional tax liability on the subject property, deferred pursuant to ORS 308A.706(1).[1] The tax year at issue is 2021–22.

## I. FACTS

Plaintiff owns a 340-acre tract of land within an exclusive farm use zone (the subject), which was formerly entirely specially assessed as farmland. On March 22, 2021, Defendant disqualified 131 acres of the subject from farm use special assessment and sent notice to Plaintiff. (Ex 5.) Defendant's notice included the following explanatory paragraph:

> "As specified in ORS 308A.703, an additional tax must be extended following this disqualification. However, as long as the farmland remains idle and has the potential to return to farmland, this tax will not be collectable and will instead remain on the account as a lien unless you choose to pay it (ORS 308A.706 (l)(a)(B)). The potential additional tax is calculated as the difference between the taxes that were assessed against the land and the taxes that would otherwise have been assessed against the land had the land not been specially assessed. Additional taxes are calculated, beginning with the last year the land was under special assessment, for the number of years the property has been in special assessment, not to exceed ten years.

> "*Potential additional tax liability to be maintained on the account: $74,027.87*[.]"

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

(*Id*.) (Emphasis in original.)

Some of the disqualified acres were subsequently classified as designated forestland, reducing the number of acres taken out of special assessment to 98. (Def's Mot Summ J at 1.) Defendant then reduced the "potential additional tax liability to be maintained on the account" to $55,379.63, stating that it had calculated that amount "against the remaining 98 acres in accordance with ORS 308A.703." (*Id*. at 1–2.) It is undisputed that those 98 acres were not being used for any purpose incompatible with returning the land to farm use. (*Id*. at 2.)

Plaintiff's principal was concerned about Defendant's statement that the potential additional tax would "remain on the account as a lien." (Ex 5 at 1.) An email from a title company executive indicates that when a liened property is sold, the lien must be paid in closing. (Ex 2 at 1.) The presence of a lien on a property would thereby be expected to reduce the proceeds of an arm's-length sale.

The title company executive used the phrase "farm deferral" to refer to farm use special assessment, stating that "deferred tax" is due and payable when a property is removed from "farm deferral." (Ex 2 at 1.) The email indicates the title company considers the potential tax liability associated with farm use special assessment to be an "encumbrance or cloud" on title: "Farm deferral is an encumbrance on the property that must be dealt with at the sale or passed on to the buyer to deal with later." (*Id*.)

Although Plaintiff's Complaint originally sought reversal of the subject's disqualification, at the time set for trial Plaintiff dropped that issue and challenged only the valuation on which Defendant based its calculation of potential additional tax liability. On summary judgment, Defendant seeks to dismiss Plaintiff's challenge for lack of aggrievement.

/ / /

## II. ANALYSIS

The issue for decision is whether Plaintiff's challenge to the potential additional tax liability calculated by Defendant is justiciable.

A.    *Nonjusticiability of Unripe Claims*

Cases are generally dismissed as nonjusticiable where "there is no possibility of a practical effect on the tax liability of a taxpayer" for the year at issue. *FedEx Ground Package System, Inc. v. Dept. of Rev.*, 20 OTR 547, 549 (2012) (dismissing claims as moot where taxing authority had abated assessment).

Cases in which circumstances that would give rise to the asserted claim have not yet occurred are not "ripe." Such claims are subject to dismissal because they involve only "hypothetical future events." *Douglas County v. Smith*, 18 OTR 450, 454 (2006) (dismissing issue of property's future taxability because it was dependent on property's future ownership and use, which "[n]o one can now know"). In contrast, "a claim is ripe for adjudication if it involves present facts, as opposed to future events of a hypothetical nature." *Courter v. City of Portland*, 286 Or App 39, 46, 398 P3d 936 (2017), quoted in *Christensen v. Dept. of Rev.*, TC 5285, 2018 WL 4350064 at *12 (Or Tax Sept 7, 2018).

In the present case, the question is whether Defendant has burdened the subject property with a tax liability. Such a liability would be a lien pursuant to ORS 311.405(1)(a): "All ad valorem property taxes lawfully imposed or levied on real or personal property are liens on such real or personal property, respectively." Defendant's notice suggested it had imposed a lien; it stated that a "potential additional tax" had been calculated that would "remain on the account as a lien," albeit one that would "not be collectable" at present. However, in its Motion for Summary Judgment, Defendant stated that "in accordance with ORS 308A.706 the additional

taxes calculated by the County are not imposed and will remain on the account as a potential additional tax liability."

B.    *Additional Taxes upon Disqualification from Special Assessment*

1.    *Generally*

ORS 308A.703(2) generally requires assessors to add an "additional tax" to the next tax roll after a property is disqualified from special assessment. That additional tax is to be "equal to the difference between the taxes assessed against the land and the taxes that would otherwise have been assessed against the land" over a lookback period that varies according to the type of special assessment. ORS 308A.703(2). A lien attaches to the property when that additional tax is "deemed assessed and imposed." *See* ORS 308A.703(5) *and* OAR 150-308-1520(1)(b); *cf.* ORS 311.405(1)(a).

The prospect of the additional tax looms over a property the entire time it is in special assessment; assessors are required to annotate the tax roll accounts of specially assessed farmland with the notation "potential additional tax liability" until it is disqualified. ORS 308A.083.

Assessors must send taxpayers notice when their land is disqualified from special assessment. ORS 308A.718(1). That notice must contain, among other things, a statement of "[t]he amount of the additional tax liability that will be imposed or if the land is not used for another use the amount of the potential additional tax liability (ORS 308A.706(1))[.]" OAR 150-308-1530(2)(c).[2] This court has deemed that information about additional tax liability "vital" in

---

[2] Oregon Administrative Rule (OAR) 150-308-1530(2) reads: "(2) The notice to the person claiming special assessment must state: (a) That the subject property has been disqualified from special assessment; (b) That the property will be assessed under ORS 308.156; (c) The amount of the additional tax liability that will be imposed or if the land is not used for another use the amount of the potential additional tax liability (ORS 308A.706(1)); (d) Provisions and timing for change of type of special assessment under ORS 308A.724; and (e) Appeal rights."

enabling the property owner to determine whether to appeal. *Eby v. Dept. of Rev.*, 15 OTR 247, 251–52 (2000) (holding disqualification invalid where notice lacked information required by administrative rule).

2. *Deferred Additional Taxes*

In some cases, additional tax liability is not initially imposed on a disqualified property, even where the property does not qualify for another type of special assessment. With respect to disqualified farmland, ORS 308A.706(1)(a) provides as follows:

> "(1) Notwithstanding that land is disqualified from special assessment, the additional taxes described under ORS 308A.703 may not be imposed and shall remain a potential tax liability if, as of the date the disqualification is taken into account on the assessment and tax roll, the land is any of the following:

> "(a) Disqualified exclusive farm use zone farmland or nonexclusive farm use zone farmland that:

> "(A) Is not being used as farmland; and

> "(B) Is not being used for industrial, commercial, residential or other use that is incompatible with a purpose to return the land to farm use."

Farmland not used in a manner incompatible with a return to farm use (*i.e.*, farmland in "compatible nonuse") is subject to regular assessment going forward, but is not subject to the additional tax of ORS 308A.703(2). The additional tax is said to be "deferred." *See* ORS 308A.706(3).

The use of the term *deferred* in ORS 308A.706 should not be confused with the use of that term in ORS 308A.119(1). The latter statute pertains to nonexclusive farm use zone farmland disqualified for failure to meet income requirements. In that situation, the additional tax is imposed, but collection is deferred while the land continues to be farmed. ORS 308A.119(1). Provided that farm use continues, the additional taxes are eventually abated. *Id.* By contrast, where ORS 308A.706(1) applies, additional taxes "may not be imposed." The

notation on the tax roll remains "potential additional tax liability," just as it was while the property was in special assessment. ORS 308A.706(3); 308A.083; OAR 150-308-1510. Thus, while deferral under ORS 308A.119(1) is a deferral of the additional tax's collection, deferral under ORS 308A.706(1) is a deferral of the additional tax itself. [3]

The use of the term *deferred* in ORS 308A.706 should not be read as implying that the tax eventually imposed (if a tax were eventually imposed) would be the same as the one that would have been imposed under ORS 308A.703 if the land had not been in compatible nonuse. ORS 308A.712(1) provides that where additional taxes are deferred under ORS 308A.706, "[t]he amount of deferred additional taxes shall be determined as provided for in this section in lieu of ORS 308A.703[.]" Deferred additional tax is thus calculated and imposed under a different statute and at a different time. Whereas the calculation under ORS 308A.703 occurs "[f]ollowing a disqualification," the calculation provided by ORS 308A.712 occurs after "the land is changed to an industrial, commercial, residential or other use incompatible with a return of the land to farm use[.]" *See* ORS 308A.712(2).

3.      *Present Application*

Here, Defendant's notice inaccurately described the subject's potential additional tax liability as a lien. The imposition of additional tax was deferred pursuant to ORS 308A.706(1). Because additional tax had not been imposed, it did not generate a lien. *See* ORS 311.405(1)(a). It was merely a potential liability, not an actual liability.

/ / /

_____

[3] Adding to the potential for confusion, special assessment is sometimes referred to colloquially as a form of tax "deferral" by assessors and real estate professionals, as in the title company executive's email. No doubt the "potential additional tax liability" notation on the tax account and the associated prospect of the assessor recouping some of the savings from special assessment after disqualification have contributed to that custom. However, special assessment does not generally entail deferral of an imposed tax and so differs from a deferred tax under ORS 308A.119(1).

Defendant's notice reported a calculated potential additional tax liability that would be "maintained on the account." However, ORS 308A.706(3) only requires that Defendant "continue to enter the notation 'potential additional tax liability' on the assessment and tax roll." The court has not located a statutory provision requiring that a specific amount be maintained on the tax account before the tax is imposed. OAR 150-308-1530(2)(c) requires assessors to provide a specific amount of potential additional tax liability in a disqualification notice. However, where additional tax is deferred, the result of that calculation might change between the disqualification of a property and the imposition of the tax—as it did here after a portion of the subject was requalified as forestland. The time for calculating the amount of additional tax under ORS 308A.712(2) is not at the beginning of a property's period of compatible nonuse, but at the end—when its use becomes incompatible with a return to farming. Defendant's maintaining a specific amount of potential tax liability on the roll in the meantime does not guarantee the amount of any eventual tax imposed.

Thus, despite the terminology of "lien" found in Defendant's notice, the result of Defendant's calculation is not a present tax liability, but rather a hypothetical liability that might occur in the future. *See Courter*, 286 Or App at 46. As of the time of disqualification, it was unknown whether additional tax would ever be imposed; the subject might be returned to farm use first. Furthermore, the statute under which any additional tax would be calculated, ORS 308A.712, was not yet applicable because the subject's use had not been "changed to an industrial, commercial, residential or other use incompatible with a return of the land to farm use[.]" Given the circumstances, it is difficult to see how a ruling from the court now would have any practical effect on Plaintiff's taxes.

/ / /

The email submitted by Plaintiff from the title company executive does not show otherwise. That email shows the title company distinguishes between liens, which are due and payable, and potential tax liabilities, which encumber all properties in special assessment. The subject is no more encumbered by its potential tax liability after disqualification than it was before. Defendant's association of that potential liability with a specific dollar amount does not add any actual liability to the subject for the tax year at issue.

## III. CONCLUSION

Because an order of the court on the merits of Plaintiff's claim would not have any practical effect on Plaintiff's present tax liability, the claim is nonjusticiable. *See FedEx*, 20 OTR at 549. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment be and hereby is granted. Plaintiff's Complaint is dismissed.

Dated this \_\_\_\_ day of May 2022.

_____
POUL F. LUNDGREN
MAGISTRATE

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Magistrate Poul F. Lundgren and entered on May 9, 2022.***